(No. 78135.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant and Cross-Appellee, v. EDWARD RODRIGUEZ, Appellee and Cross-Appellant.

*Opinion filed January 18, 1996.*

HARRISON, J., took no part.
HEIPLE, J., specially concurring.

Roland W. Burris and James E. Ryan, Attorneys General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Pe-

ter D. Fischer and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Gordon H. Berry, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Edward Rodriguez, was tried in the circuit court of Cook County on eight counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, pars. 12—14(a)(1), (a)(4)), one count of home invasion (Ill. Rev. Stat. 1991, ch. 38, par. 12—11(a)(1)), and two counts of intimidation (Ill. Rev. Stat. 1991, ch. 38, par. 12—6(a)(1)). The record shows that defendant entered the bedroom of the victim, a 13-year-old girl, and sexually assaulted her while brandishing a handgun and threatening her several times.

At the close of the evidence, the jury returned three general verdicts of guilty, one for each offense. The trial court sentenced defendant to consecutive 35-year prison terms on the aggravated criminal sexual assault and home invasion convictions (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)), and a five-year prison term on the intimidation conviction.

The appellate court upheld defendant's aggravated criminal sexual assault and intimidation convictions. However, the court vacated the home invasion conviction based on the doctrine of *People v. King* (1977), 66 Ill. 2d 551. (267 Ill. App. 3d 942.) We allowed the State's petition for leave to appeal. (145 Ill. 2d R. 315(a).) Defendant cross-appeals. We reverse the appellate court's vacation of the home invasion conviction, and otherwise affirm the appellate court.

## DISCUSSION

### State's Appeal

The State contends that the appellate court misapplied the *King* doctrine to the present case. In *King*, this court held:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566.

Under *King*, a court first determines whether a defendant's conduct consisted of separate acts or a single physical act. Multiple convictions are improper if they are based on precisely the same physical act. (See *People v. Segara* (1988), 126 Ill. 2d 70, 76-77; *People v. Szabo* (1983), 94 Ill. 2d 327, 350.) If the court determines that the defendant committed multiple acts, the court then goes on to determine whether any of the offenses are lesser included offenses. (See, *e.g.*, *People v. Shum* (1987), 117 Ill. 2d 317, 363-64; *People v. Manning* (1978), 71 Ill. 2d 132, 133.) If so, then, under *King*, multiple convictions are improper; if not, then multiple convictions may be entered. We note—and decline—the State's suggestion that this court abandon the *King* doctrine and return to its predecessor. See *King*, 66 Ill. 2d at 559-66.

We also note that the *King* doctrine applies to the present case. *King* speaks of multiple convictions and

concurrent sentences. The sentencing provision at issue in *King*, section 5—8—4(a) of the Unified Code of Corrections, read in pertinent part:

" 'The court shall not impose consecutive sentences for offenses which are committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective.' (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).)" *King*, 66 Ill. 2d at 565.

However, subsequent to *King*, the legislature has amended this provision more than once. The version that applies to this case reads in pertinent part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).)

In this case, Corrections Code section 5—8—4(a) mandated that the sentences on defendant's aggravated criminal sexual assault and home invasion convictions run consecutively.

*King* should be read in the context of Corrections Code section 5—8—4(a) as subsequently amended. (See *People v. Gilyard* (1992), 237 Ill. App. 3d 8, 25-27.) Since the legislature amended the provision to mandate consecutive sentences in certain cases, the *King* doctrine likewise applies to those cases, in addition to those cases where concurrent sentences are imposed.

In the present case, the appellate court concluded that the aggravated criminal sexual assault offense and the home invasion offense were based on the same physical act: threatening the victim with a gun. Based on this common act, the court held that the two offenses

were so interrelated that it vacated the home invasion conviction. 267 Ill. App. 3d at 953.

In determining that defendant's conduct consisted of a single act, the appellate court applied a six-factor test: the existence of an intervening act or event; the time interval between successive parts of defendant's conduct; the identity of the victim; the similarity of the acts performed; whether the conduct occurred at the same location; and prosecutorial intent as reflected in the charging instrument. (267 Ill. App. 3d at 953.) The appellate court enunciated this test in *People v. Baity* (1984), 125 Ill. App. 3d 50, and has applied it in several subsequent decisions. (*E.g., People v. Crum* (1989), 183 Ill. App. 3d 473, 490-91; *People v. Williams* (1986), 143 Ill. App. 3d 658, 665; *People v. Horne* (1984), 129 Ill. App. 3d 1066, 1074-75.) The *Baity* court gleaned these factors from various Illinois cases. *Baity*, 125 Ill. App. 3d at 52-54.

We do not specifically address the merits of the six-factor test enunciated in *Baity*. However, we caution that a court must not lose sight of the forest for the trees. The definition of an "act" under the *King* doctrine remains simply what this court stated in *King*: "any overt or outward manifestation which will support a different offense." *King*, 66 Ill. 2d at 566; see *People v. Dixon* (1982), 91 Ill. 2d 346, 355-56; *People v. Partee* (1987), 157 Ill. App. 3d 231, 269-70.

Applying *King* to the present case, we conclude that the aggravated criminal sexual assault offense and the home invasion offense were based on separate acts. Although both offenses shared the common act of defendant threatening the victim with a gun, "[a] person can be guilty of two offenses when a common act is part of both offenses." (*People v. Lobdell* (1983), 121 Ill. App. 3d 248, 252.) Defendant's unlawful entry into the victim's bedroom was an overt or outward manifestation that

supported a different offense, *i.e.*, home invasion. "As long as there are multiple acts *as defined in King*, their interrelationship does not preclude multiple convictions \*\*\*." (Emphasis added.) (*People v. Myers* (1981), 85 Ill. 2d 281, 288.) Thus, the convictions for both aggravated criminal sexual assault and home invasion are proper where defendant committed multiple acts, despite the interrelationship of those acts. See *King*, 66 Ill. 2d at 566.

Continuing its application of *King*, the appellate court concluded that even if defendant committed multiple acts, the home invasion was a lesser included offense of the aggravated criminal sexual assault. In addition to the two counts of intimidation, defendant was tried on eight counts of aggravated criminal sexual assault—four counts based on defendant displaying or threatening to use a dangerous weapon (see Ill. Rev. Stat. 1991, ch. 38, par. 12—14(a)(1)) and four counts based on defendant committing the assault during a home invasion (see Ill. Rev. Stat. 1991, ch. 38, par. 12—14(a)(4))—and one count of home invasion based on defendant's threat or use of force while armed with a dangerous weapon (see Ill. Rev. Stat. 1991, ch. 38, par. 12—11(a)(1)).

Since defendant was convicted of home invasion, the appellate court expressly assumed that defendant was convicted of aggravated criminal sexual assault based on the home invasion. Thus, according to the appellate court, the home invasion was a lesser included offense of the aggravated criminal sexual assault. 267 Ill. App. 3d at 952-53.

The appellate court's assumption was erroneous. The jury returned a general verdict of guilty of aggravated criminal sexual assault. The controlling principles are quite settled. A general verdict of guilty is presumed to be based on any good count in the indictment to which

the proof is applicable. (*People v. Lymore* (1962), 25 Ill. 2d 305, 307-08.) Also, where an indictment contains several counts that arise out of a single transaction, and a general verdict of guilty is returned, the effect is that the defendant is guilty as charged in each count to which the proof is applicable. *People v. Scott* (1992), 148 Ill. 2d 479, 555 (and cases cited therein).

Applying these principles to the present case, it is clear that defendant is as equally guilty of aggravated criminal sexual assault based on his display or threat to use a gun as based on his committing the assault during a home invasion. Further, we may assume that defendant was convicted of aggravated criminal sexual assault based on the more serious offense of displaying or threatening to use a dangerous weapon. See *People v. Thompkins* (1988), 121 Ill. 2d 401, 455-56.

The appellate court acknowledged that if the aggravating factor in defendant's aggravated criminal sexual assault conviction was his display or threat to use a dangerous weapon, then the home invasion would not be a lesser included offense of the aggravated criminal sexual assault. (267 Ill. App. 3d at 953.) We agree, based on the allegations in the indictment. (See *People v. Novak* (1994), 163 Ill. 2d 93, 105-13.) The indictment refers to different conduct for each offense. In the aggravated criminal sexual assault counts, the State alleged, *inter alia*, that defendant committed an act of sexual penetration and displayed or threatened the victim with a gun. However, in the home invasion count, the State alleged that defendant unlawfully entered the victim's dwelling and threatened her with the imminent use of force while armed with a gun.

We conclude that the home invasion was not a lesser included offense of the aggravated criminal sexual assault. Since defendant committed multiple acts, and since the home invasion was not a lesser included of-

fense of the aggravated criminal sexual assault, we hold that defendant was properly convicted of both offenses. See *King*, 66 Ill. 2d at 566.

## Defendant's Cross-Appeal

Defendant cross-appeals, raising two issues. First, defendant contends that the appellate court properly vacated the home invasion conviction. Defendant asserts that the sentence on the home invasion conviction, consecutive to the sentence on the aggravated criminal sexual assault conviction, was based on an unconstitutional statute (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)). He argues that the statute violates the due process and proportionate penalties clauses of the Illinois Constitution (Ill. Const. 1970, art. I, §§2, 11). We rejected this argument in *People v. Arna* (1995), 168 Ill. 2d 107, 113-14.

Defendant lastly contends that the appellate court erred in holding harmless the erroneous admission of certain inadmissible testimony. Defendant argues that the prejudice from this testimony was incalculable. After carefully reviewing the record, we agree with the appellate court's reasoning and result on this issue. 267 Ill. App. 3d at 949-51.

For the foregoing reasons, the judgment of the appellate court is reversed insofar as it vacated the conviction and sentence for home invasion; the judgment is affirmed insofar as it affirmed the other convictions and sentences. The judgment of the circuit court of Cook County is affirmed.

> *Appellate court affirmed in part*
> *and reversed in part;*
> *circuit court affirmed.*

JUSTICE HARRISON took no part in the consideration or decision of this case.

JUSTICE HEIPLE, specially concurring:

This case concerns section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)) and the appropriateness of consecutive sentences for both home invasion and aggravated criminal sexual assault where the defendant broke into the house of a little girl with the intent to rape her. While I agree with the majority's conclusion that the consecutive sentences are permissible in the case at bar, I concur to point out the majority's erroneous reliance upon *People v. King* (1977), 66 Ill. 2d 551.

The statute at issue in *King*, a predecessor to the current version of section 5—8—4(a), precluded consecutive sentences where there was no change in the criminal objective but did not set forth whether this standard should also apply where concurrent sentences are imposed. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) Prior to the *King* decision, this court had held that multiple convictions arising out of the same acts were only allowed where it was determined that a "separate motivation" existed for each offense, regardless of whether the imposed sentences were to run consecutively or concurrently. In *King*, this court rejected the independent-motivation test for multiple convictions, but only with respect to concurrent sentences in accordance with section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)). (*King*, 66 Ill. 2d at 566 ("[o]ur rejection of this test is limited solely to concurrent sentences").) After *King*, then, multiple convictions based upon the same acts were permissible where concurrent sentences were imposed so long as none of the offenses were lesser included offenses.

The majority's reliance upon *King* in support of its holding that the instant consecutive sentences were permissible thus makes no sense. Indeed, this court in

*King* suggested in *dicta* that, quite independent of the statute's prohibition of consecutive sentences where there was no change in the criminal objective, such sentences would otherwise raise due process concerns. *King*, 66 Ill. 2d at 565 ("[t]he prejudicial effect of the double punishment in the form of consecutive sentences for crimes arising from multiple acts motivated by essentially the same criminal objective is apparent").

In the instant case, rather than depend on *King*, which by its own terms does not apply to consecutive sentences, the majority should instead rely on the 1991 amended version of section 5—8—4(a) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)). Indeed, in suggesting that this court read *King* in light of the revised section 5—8—4(a) (169 Ill. 2d at 187), the majority ignores that the 1991 version of section 5—8—4(a) overrules this court's decision in *King*. As noted by the Council Commentary following section 5—8—4(a), this court's decision in *People v. Stewart* (1970), 45 Ill. 2d 310, 313, which established the independent-motivation test and served as the basis for this court's decision in *King*, 66 Ill. 2d at 562, no longer constitutes the law. (730 ILCS Ann. 5/5—8—4 Council Commentary (Smith-Hurd 1992).) Accordingly, it necessarily follows that section 5—8—4(a) likewise overrules *King*.

Contrary to the version of the statute at issue in *King*, section 5—8—4(a) currently mandates consecutive sentences where multiple convictions arise out of the same course of conduct, one of the offenses is a Class X or Class 1 felony, and the defendant has inflicted severe bodily injury or was convicted of a violation of section 12—13 or 12—14 of the Criminal Code of 1961. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).) Here, the defendant's home invasion conviction is a Class X felony and aggravated criminal sexual assault caused the victim severe bodily injury and, further, was a section 12—14

violation of the Criminal Code. (Ill. Rev. Stat. 1991, ch. 38, par. 12—11(c) (home invasion); Ill. Rev. Stat. 1991, ch. 38, par. 12—14 (aggravated criminal sexual assault).) Accordingly, section 5—8—4(a) required the sentencing judge to impose consecutive sentences for the defendant's home invasion and aggravated criminal sexual assault convictions.

Thus, it is section 5—8—4(a) alone, and not this court's decision in *King*, which requires that the judgment of the appellate court be reversed and the consecutive sentences imposed by the trial court be affirmed. I additionally observe that the mandatory consecutive sentencing scheme of section 5—8—4(a) does not run afoul of constitutional protections afforded defendants, notwithstanding the *dicta* in *King* suggesting that prejudice arises from consecutive sentences for multiple offenses stemming from the same course of conduct where there has been no change in the criminal motive. (*King*, 66 Ill. 2d at 565.) As the Supreme Court has since held, consecutive sentences are permissible for the same conduct where the legislature specifically authorizes cumulative punishment. (*Missouri v. Hunter* (1983), 459 U.S. 359, 368-69, 74 L. Ed. 2d 535, 544, 103 S. Ct. 673, 679.) The instant statute could not be any clearer on this point and the consecutive sentences thus comport with due process.

In conclusion, I reiterate that section 5—8—4(a) unambiguously and constitutionally mandates consecutive sentences for the instant defendant. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).) In upholding the consecutive sentences, the majority erroneously relies on *King*, 66 Ill. 2d 551, which has been overruled by the current version of section 5—8—4(a) and is otherwise inapposite. Accordingly, while I agree with the majority's conclusion that the consecutive sentences should have been affirmed, I respectfully cannot join in its rationale.