THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NORBERTO VILLA, Defendant-Appellant.

First District (6th Division)    No. 1—96—3973

Opinion filed May 28, 1999.

Charles K. Piet, of Charles K. Piet & Associates, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Laura Lechowicz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant, Norberto Villa, entered a guilty plea to a 21-count indictment charging him with the offenses of aggravated criminal sexual assault, home invasion, criminal sexual assault, residential burglary, aggravated unlawful restraint, and unlawful restraint. Judgment was entered on one count of aggravated criminal sexual assault and one count of home invasion. Defendant was sentenced to consecutive terms of 30 years and 8 years in the Illinois Department of Corrections. Defendant now appeals and raises the following issues: (1) whether the trial court erred in imposing consecutive sentences for aggravated criminal sexual assault and home invasion; and (2) whether the trial court abused its discretion in imposing the maximum sentence for aggravated criminal sexual assault. We affirm.

Before defendant pled guilty to the 21-count indictment, the trial court advised him that there had been no agreement as to any sentencing recommendations. The trial court also admonished defendant of the minimum and maximum sentences he could receive under Illinois law and that his sentences would be consecutive. Upon hearing such information, defendant indicated that he understood the charges and pled guilty to the indictment.

The factual basis for the guilty plea presented to the court is as follows: On June 21, 1995, complainant, a 26-year-old female, was alone in her apartment waiting for a friend. She lived on the second floor of a three flat in Chicago. She heard a noise coming from the door that leads from the kitchen to the back porch. She went to the door to investigate and defendant walked inside. Defendant told her he was there to see a friend. She told him he had the wrong apartment and asked him to leave. Defendant then asked her if she would like to see his penis. She began to scream and tried to push defendant out of her apartment. Defendant began beating her about the face and dragged her into the bedroom. Defendant told her he had a gun and that he would kill her. He continued beating her and threw her on the bed.

Defendant then picked up an electrical iron and wrapped the cord from the iron twice around complainant's neck. Complainant put her hand between the cord and her neck and begged defendant not to hurt her. Defendant wrapped the cord a third time around complainant's neck. Defendant removed his clothing and removed complainant's underpants. He put his body on top of complainant and inserted his penis into her vagina.

After raping complainant, defendant fled from the apartment. He was seen by numerous Chicago police officers. The officers called out for defendant to stop but he continued running. The officers chased defendant for approximately three blocks, apprehended him and brought him back to the scene, where he was identified by complainant.

Complainant was taken to Illinois Masonic Hospital, where she was treated for numerous injuries, including bruises below the right eye, a bruise on her left cheek, a large bruise above her left breast, and four superficial abrasions to her vaginal area that were indicative of forced penetration. Complainant also had abrasions on her left knee and ligature marks on her neck.

After being arrested and read his rights, defendant made a statement to a detective. Defendant stated that he had placed complainant under surveillance from the rooftop across the street. While on the rooftop, defendant paced back and forth and masturbated. He admitted that he went to complainant's apartment, opened the screen door and went inside. The remainder of defendant's account of the attack and rape was substantially similar to complainant's account laid out above.

At the sentencing hearing, defendant submitted 26 letters written on his behalf by friends and family members. Defendant also called three witnesses to testify on his behalf.

Enrique Bahena testified that he has known defendant for 10 years and that defendant was hard-working, honest, peaceful, and friendly. He stated that defendant was a responsible father to his children. Bahena also testified that, on the night of the incident, he had been out until 7:30 p.m. drinking with defendant.

Guille Avila testified that she has known defendant for the past four to five years and has seen defendant three or five times during that period. Avila stated that defendant is a loving and caring father and is nice and friendly. She also stated that defendant has a calm, peaceful, and stable relationship with his wife.

Isidra Villa, one of defendant's sisters, testified as the spokesperson for defendant's family. Villa described defendant as "a good brother. He has been very honest. He has always worked a lot. He has always been a good son, and he has been a good uncle. I do have two daughters. He has never been a bad person." Villa advised the court of her family's concern for and support of defendant.

Defense counsel argued in mitigation that, from the beginning of the case, defendant has cooperated with the authorities and the court and never contested his guilt. Defense counsel also argued that defendant is a first offender, 27 years old, has a family, and has been employed for many years. Defense counsel also directed the court's attention to information in the presentence investigation showing that defendant had a substance abuse problem with both narcotics and alcohol.

Defendant exercised his right of allocution and stated:

"I am responsible for my acts. I know that what I have done deserves punishment. I know that what I did to this person, nothing in life can change that, but, within me, in my heart, I am very remorseful, and I ask forgiveness towards the person that I offended. I ask forgiveness. I regret this very much."

At the conclusion of the sentencing hearing, the trial court sentenced defendant on 2 of the 21 counts. On count I, aggravated criminal sexual assault, the trial court sentenced defendant to the maximum of 30 years in the Illinois Department of Corrections. On count XI, home invasion, the trial court sentenced defendant to 8 years to run consecutively to the sentence of 30 years.

Following sentencing, defendant filed a motion for modification and/or reduction of sentence; however, the trial court denied the motion. Defendant now appeals.

## I. IMPOSITION OF CONSECUTIVE SENTENCES

The first issue on appeal is whether the trial court erred in imposing consecutive sentences for the offenses of aggravated criminal

sexual assault and home invasion. Defendant contends that home invasion is a lesser-included offense of aggravated criminal sexual assault and, therefore, consecutive sentences are improper.

■ With regard to consecutive sentencing, section 5—8—4(a) of the Unified Code of Corrections states:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, *unless*, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 [(criminal sexual assault)], 12—14 [(aggravated criminal sexual assault)], or 12—14.1 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." (Emphasis added.) 730 ILCS 5/5—8—4(a) (West 1996).

In the case at bar, defendant was convicted of aggravated criminal sexual assault (720 ILCS 5/12—14 (West 1992)); thus, pursuant to section 5—8—4(a), he was properly sentenced consecutively for his offenses of aggravated criminal sexual assault and home invasion. 730 ILCS 5/5—8—4(a) (West 1996).

■ Nevertheless, defendant contends that the offense of home invasion is a lesser-included offense of aggravated criminal sexual assault and, therefore, his conviction must be vacated. In order to be classified as a lesser-included offense, all the elements of the lesser-included offense must be included within the greater offense or there must be a less culpable mental state. *People v. Brown*, 218 Ill. App. 3d 890, 898 (1991).

In support of his argument that home invasion is a lesser-included offense of aggravated criminal sexual assault, defendant relies on *People v. Conerty*, 296 Ill. App. 3d 459 (1998). In *Conerty*, defendant was convicted of aggravated criminal sexual assault and home invasion and sentenced to consecutive 10-year terms of imprisonment for each count. *Conerty*, 296 Ill. App. 3d at 460. On appeal, the fourth district found that home invasion was an included offense of aggravated criminal sexual assault and vacated the conviction and sentence for home invasion. *Conerty*, 296 Ill. App. 3d at 464-65.

However, *Conerty* does not aid defendant because it is distinguishable from the case at bar based on the differences in the charging instruments. The charging instrument in *Conerty* set forth only two counts. Count I of the *Conerty* information charged:

> "[T]hat defendant committed the offense of home invasion by entering the dwelling of the victim, knowing her to be present, and

intentionally causing injury to the victim in that by the use of force he knowingly committed an act of sexual penetration upon the victim by placing his finger in her vagina and getting on top of her." *Conerty,* 296 Ill. App. 3d at 464.

Count II of the *Conerty* information charged:

"[T]hat defendant committed the offense of aggravated criminal sexual assault in that during commission of home invasion, he knowingly committed an act of sexual penetration upon the victim in that by the use of force he placed his finger in her vagina." *Conerty,* 296 Ill. App. 3d at 464.

The fourth district's holding in *Conerty,* that home invasion was a lesser-included offense of aggravated criminal sexual assault, was based on the fact that the felony of home invasion was the sole aggravating factor charged in the information and every element necessary to prove home invasion was included in the charged offense of aggravated criminal sexual assault. Moreover, the basis of the home invasion count was the intentional infliction of injury by means of digital sexual penetration, the same element alleged for aggravated criminal sexual assault. *Conerty,* 296 Ill. App. 3d at 464. Thus, home invasion was properly found to be a lesser-included offense.

■ This is contrary to the case at bar because here the indictment alleged 21 counts. Ten of the twenty-one counts charged aggravated criminal sexual assault and each of the 10 counts was based on a different aggravating factor. Defendant was convicted of count I and count XI. Count I of the indictment, the aggravated criminal sexual assault charge, alleged as follows:

"[T]hat he, committed an act of sexual penetration upon [complainant] to wit: contact between [defendant's] penis and [complainant's] vagina by the use of force or threat of force, and [defendant] threatened to use a dangerous weapon, to wit: an electrical cord ***."

Count XI of the indictment, the home invasion count, alleged:

"[T]hat he, not being a peace officer acting in the line of duty, without authority knowingly entered the dwelling place of [complainant] and he knew that one or more persons were present therein, and while armed with a dangerous weapon, to wit: an electrical cord did use force force [*sic*] upon [complainant], within said dwelling place, whether or not injury occurred ***."

Unlike the aggravated criminal sexual assault count in *Conerty,* the aggravated criminal sexual assault count in the instant case does not mention defendant's home invasion. Instead, the aggravating factor is defendant's use of force with an electrical cord. Because the elements of defendant's home invasion are not included in the count for aggravated criminal sexual assault, home invasion is not a lesser-included offense of that crime.

The Illinois Supreme Court's decision in *People v. Rodriguez*, 169 Ill. 2d 183 (1996), supports our conclusion. In *Rodriguez*, defendant was tried on eight counts of aggravated criminal sexual assault, one count of home invasion, and two counts of intimidation. *Rodriguez*, 169 Ill. 2d at 185. The jury returned three general verdicts of guilty, one for each offense, and the trial court sentenced defendant to consecutive 35-year prison terms on the aggravated criminal sexual assault and home invasion convictions and to a 5-year prison term for intimidation. *Rodriguez*, 169 Ill. 2d at 185.

On appeal, this court vacated the home invasion conviction. *People v. Rodriguez*, 267 Ill. App. 3d 942 (1994). The appellate court's holding was based on its conclusion that defendant's conduct consisted of a single act. *Rodriguez*, 267 Ill. App. 3d at 953. Nevertheless, the appellate court also opined that even if defendant did commit multiple acts, home invasion was a lesser-included offense of aggravated criminal sexual assault. *Rodriguez*, 267 Ill. App. 3d at 952-53. The court's conclusion was based on the fact that four of the eight counts of aggravated criminal sexual assault were premised on defendant committing the assault during a home invasion. *Rodriguez*, 267 Ill. App. 3d at 952-53. The appellate court reasoned that because defendant was convicted of home invasion, it follows that he was convicted of the four counts of aggravated criminal sexual assault that were based on the home invasion, and not the counts that were based on defendant displaying or threatening to use a dangerous weapon. *Rodriguez*, 267 Ill. App. 3d at 952-53. Thus, according to the appellate court, home invasion was a lesser-included offense.

On appeal, however, the Illinois Supreme Court disagreed. The supreme court stated that since the jury returned a general verdict as to the offense of aggravated criminal sexual assault, defendant was "as equally guilty of aggravated criminal sexual assault based on his display or threat to use a gun as based on his committing the assault during a home invasion." *Rodriguez*, 169 Ill. 2d at 190. Contrary to the appellate court's assumption, the supreme court assumed that defendant was convicted of the more serious of the eight aggravated criminal sexual assault counts, *i.e.*, those charging defendant's display or threat to use a dangerous weapon. *Rodriguez*, 169 Ill. 2d at 190. Thus, the supreme court concluded that because the aggravating factor in defendant's aggravated criminal sexual assault conviction was his display or threat to use a dangerous weapon rather than the home invasion, then the home invasion conviction, which alleged that defendant unlawfully entered the victim's dwelling and threatened her with the imminent use of force while armed with a gun, is not a lesser-included offense of aggravated criminal sexual assault. *Rodriguez*, 169 Ill. 2d at 190.

The supreme court's reasoning and holding in *Rodriguez* govern our conclusion. Here, the aggravating factor in defendant's aggravated criminal sexual assault conviction was his use of force with an electrical cord. The aggravating factor was not the home invasion. Further, the home invasion conviction was based on defendant's entry into complainant's home and use of force against complainant with an electrical cord. Thus, based on both *Conerty* and *Rodriguez*, defendant's conviction for home invasion in this case is not a lesser-included offense of aggravated criminal sexual assault.

Defendant also argues that had the wording of the instant indictment been different, *i.e.*, had the home invasion count contained language referring to the sexual assault of complainant, or had the aggravated criminal sexual assault count contained language referring to the use of force against complainant in her home, then one of the convictions would have necessarily been vacated. We cannot disagree. Indeed, had defendant been convicted of aggravated criminal sexual assault based on the allegations of count VII rather than count I, we would necessarily have to vacate the conviction of home invasion pursuant to *Conerty*. Count VII[1] charged:

> "[T]hat he, committed an act of sexual penetration, upon [complainant], to wit: contact between [defendant's] penis and [complainant's] vagina by the use of force or threat of force, and the criminal sexual [*sic*] was perpetrated during the course of the commission of the felony of home invasion ***."

We cannot dispute defendant's assertion that it was the prosecutor's choice of wording in the various counts that determined whether consecutive sentences may be imposed. However, we also recognize:

> "It is settled 'that the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution. [Citations.] That discretion includes the decision whether to prosecute at all, as well as to choose which of several charges shall be brought.' [Citation.] A defendant does not have the right to choose his or her prosecution or punishment." *People v. Novak*, 163 Ill. 2d 93, 113 (1994).

Moreover, we also recognize that prior to entering his plea of guilty, defendant was adequately admonished of the minimum and maximum sentences he could receive under Illinois law and that his sentences would be consecutive. It was only after he indicated that he understood this that defendant pled guilty.

We conclude that defendant was properly charged based on the

---

[1]We note that count VII of the indictment found in the record is partially illegible due to photocopying error.

acts he committed and according to the charging instrument in this case home invasion is not a lesser-included offense of aggravated criminal sexual assault.

Accordingly, we find that the trial court properly sentenced defendant to consecutive terms.

## II. ABUSE OF DISCRETION IN SENTENCING

■ The second and final issue is whether the sentence of 30 years for aggravated criminal sexual assault was excessive given defendant's background and potential for rehabilitation.

The Illinois Constitution directs that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A circuit court's imposition of a sentence is entitled to substantial weight and deference because the court is in the best position to determine the circumstances of the case, to weigh the credibility of the witnesses, and to evaluate the record made at the hearing in aggravation and mitigation. *People v. Montgomery*, 302 Ill. App. 3d 1 (1998). Where the sentence chosen by the trial court is within the allowable statutory range for the criminal offense for which the defendant has been convicted, a reviewing court has the power to disturb the sentence only if the trial court abused its discretion in the sentence it imposed. *People v. Juarez*, 278 Ill. App. 3d 286, 293 (1996).

Aggravated criminal sexual assault and home invasion are offenses punishable by not less than 6 and not more than 30 years. 730 ILCS 5/5—8—1(a)(3) (West 1996). In determining a sentence within these limits, a trial judge must balance the interests of society in discouraging antisocial behavior against the rehabilitative potential of defendant. *People v. Banks*, 241 Ill. App. 3d 966, 981 (1993).

Defendant argues that the trial court's sentence of 30 years for aggravated criminal sexual assault, the maximum allowable sentence, fails to take into account several factors such as the fact that defendant was 28 years of age, married, and the father of two children; he was gainfully employed; he had no history of arrests as a juvenile and no convictions as an adult; he pled guilty and accepted full responsibility; and, finally, he had the support and encouragement of dozens of people who appeared in court on his behalf.

We find, however, that based on the record in this case, the trial court did not abuse its discretion. The trial court heard arguments in aggravation and mitigation, received 26 letters in support of defendant, and listened to defendant's statement of remorse. It noted that it was aware of the contents of the presentence investigation. Further, it noted that defendant has led a law-abiding life and has been gain-

fully employed. Nevertheless, the trial court emphasized that there is a need in this case to deter others from committing the same crime.

The trial court also recognized that the complainant was an innocent working woman who was seriously beaten and bruised. It stated that the acts done by defendant were "among the most serious and the most dangerous and the most violent things that can be done by a criminal." The trial court also noted that complainant's mental and psychological recovery may take years.

We reject defendant's argument that this case is analogous to *People v. Juarez*, 278 Ill. App. 3d 286 (1996), wherein the appellate court reduced a sentence for aggravated discharge of a firearm from 14 years to 6 years. *Juarez*, 278 Ill. App. 3d at 294-95. That case is distinguishable because the trial judge in *Juarez* failed to point to any evidence or factors considered in support of the sentence. Rather, the trial judge simply stated that he read the presentence investigation report and looked at his notes from the trial. *Juarez*, 278 Ill. App. 3d at 294-95. In the case at bar, the record reflects that the trial court thoroughly considered all of the evidence in mitigation and aggravation before it. The judge considered defendant's offense to be of the most serious nature and properly sentenced defendant to a prison term that was within statutory guidelines.

Accordingly, we find that the trial court did not abuse its discretion in sentencing defendant.

CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the circuit court of Cook County.

Affirmed.

CAMPBELL, P.J., and QUINN, J., concur.