2019 IL App (1st) 172389-U

No. 1-17-2389

Order filed November 7, 2019

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 3645 |
| | ) | |
| JEREMY POWER, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm defendant's convictions for attempted disarming of a peace officer and resisting or obstructing a peace officer over his contention that they violate the one-act, one-crime rule because they are based on the same physical act.

¶ 2    Following a bench trial, defendant was found guilty of attempted disarming of a peace officer (720 ILCS 5/31-1a(b) (West 2016)) and resisting or obstructing a peace officer (720 ILCS 5/31-1(a-7) (West 2016)), and sentenced to respective concurrent terms of 42 months' and 3 years' imprisonment. On appeal, defendant contends that his conviction for resisting or

obstructing a peace officer must be vacated under the one-act, one crime rule because it was based on the same physical act as his conviction for attempting to disarm a peace officer. We affirm.[1]

¶ 3    Defendant was charged by indictment with attempted disarming of a peace officer and resisting or obstructing a peace officer. The charge of attempted disarming of a peace officer alleged that defendant "without the consent of a peace officer, to wit: Sergeant Nicholas Vasselli Star 2213, knowingly attempted to take a weapon from the person of Sergeant Vasselli while Sergeant Vasselli was engaged in the performance of his official duties." The charge of resisting or obstructing a peace officer alleged that defendant "knowingly resisted the performance of Sergeant Vasselli, star number 2213, one known to [him] to be a peace officer of any authorized act within his official capacity and was the proximate cause of an injury to said peace officer." Defendant waived his right to a jury trial, and the case proceeded to a bench trial.

¶ 4    The evidence adduced at trial showed that on February 23, 2017, Chicago Police Sergeant Nicholas Vasselli was on patrol in the area of 82nd Street and Drexel Avenue. Vasselli, who was wearing a vest with police identifiers, saw defendant riding a bicycle on a sidewalk. After Vasselli conducted a field interview with defendant and a name check via his in-car computer, he learned that defendant had a warrant and placed him in custody. Vasselli handcuffed defendant, and walked him to a marked police car. As he did so, Vasselli observed defendant reaching behind himself, and then his right hand was free of the handcuffs. The men struggled, falling onto the street, getting up and falling a couple times. Eventually, Vasselli pushed defendant into the car. Defendant said, "I'm going to get your gun, I'm going to get your

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

gun." Vasselli positioned his gun, which was on his right hip, away from defendant, who was facing him. Defendant reached and grabbed hold of Vasselli's Taser, which was on his left hip. Vasselli was able to remove defendant's hands off the Taser, and the pair stumbled into a wall. Eventually, Vasselli was able to take defendant to the ground and call for assistance. Other officers arrived, and defendant was placed into custody. Vasselli was taken to a hospital with scrapes to his hands, his left wrist, a scratch on the bridge of his nose, and pain to his knee.

¶ 5 The State introduced into evidence two videos of the struggle captured by Vasselli's body-vest camera. Vasselli explained that he believed the camera turned off during the struggle when he and defendant collided into a car, and remained off for approximately eight or nine seconds. The first video shows Vasselli approaching defendant and the beginning of the struggle. The second video begins in black and Vasselli is heard speaking. Then it shows the fight continue between the two until Vasselli is able to restrain defendant.

¶ 6 The State then rested. Defendant did not present any evidence.

¶ 7 In closing, the State argued that it proved defendant was guilty of both attempting to disarm a peace officer and resisting or obstructing a peace officer. The State argued:

"It is clear the defendant knew what he was doing, trying to get away. Sergeant Vasselli wouldn't take his hands off of him. He tried to do whatever he could, including disarming Sergeant Vasselli that night.

During the struggle the defendant injured the Sergeant.

\*\*\*

In this case we have proved beyond a reasonable doubt this defendant was trying to disarm the Sergeant in that video, the pictures, the testimony that you hear. We have

also proven that the defendant is guilty of the resisting, because during the struggle, he did injure the Sergeant."

¶ 8    The court found defendant guilty of attempted disarming of a peace officer and resisting or obstructing a peace officer, and sentenced him to 42 months' and 3 years' imprisonment respectively.

¶ 9    On appeal, defendant contends that his conviction for resisting or obstructing a peace officer should be vacated under the one-act, one-crime rule because it was based on the same physical act as his conviction for attempt to disarm a peace officer. Defendant alleges that the State's entire argument at trial was that there was an ongoing struggle during which he attempted to disarm Vasselli, and injured him in resistance. He maintains that this single struggle cannot serve as the basis for resisting or obstructing a peace officer, and attempted disarming of a peace officer.

¶ 10   In setting forth this argument, defendant acknowledges that he did not raise a one-act, one-crime challenge in the trial court, and has therefore forfeited the issue. *People v. Sebby*, 2017 IL 119445, ¶ 48 (a "defendant must object to the error at trial and raise the error in a posttrial motion" in order to preserve it for appeal). However, defendant argues, the State recognizes, and we agree that "plain errors or defects affecting substantial rights" may be reviewed on appeal. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). A plain error may occur when: (1) "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness

of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "An alleged one-act, one-crime violation is reviewable under the second prong of the plain-error doctrine because it affects the integrity of the judicial process." *People v. Smith*, 2019 IL 123901, ¶ 14 (citing *People v. Coats*, 2018 IL 121926, ¶ 10). The first step in a plain-error review is to determine whether any error occurred. *Smith*, 2019 IL 123901, ¶ 14. Here, we find no error.

¶ 11     The one-act, one-crime rule prohibits multiple convictions that are based on precisely the same physical act. See *Smith*, 2019 IL 123901, ¶ 13; *People v. King*, 66 Ill. 2d 551, 566 (1977). To determine whether simultaneous convictions violate the one-act, one-crime rule, this court performs a two-step analysis. *Smith*, 2019 IL 123901, ¶ 15. First, we must determine if the offenses stem from multiple acts or a single act. *Id.* "Multiple convictions are improper if they are based on precisely the same physical act." *Id.* An "act" is defined as any overt or outward manifestation which will support a different offense. *King*, 66 Ill. 2d at 566. If we determine that the offenses stem from separate acts, we then proceed to the second step of the analysis and determine whether any of the offenses are lesser-included offenses. *Smith*, 2019 IL 123901, ¶ 15. If they are not, then multiple convictions are proper. *Id.* Whether a conviction should be vacated under the one-act, one-crime rule is a question of law, which is reviewed *de novo*. *Id.*

¶ 12     In order for multiple convictions to stand, a charging instrument must indicate that the State intended to treat defendant's conduct as multiple acts. *People v. Crespo*, 203 Ill. 2d 335, 342-45 (2001) (emphasizing that each stab wound made by defendant could have supported multiple convictions, but the indictment showed that the State intended to treat defendant's conduct as a single attack because the State did not apportion the crimes among the stab wounds). The record shows that the State charged defendant with both attempted disarming of a

peace officer and resisting or obstructing a peace officer based on separate conduct. The charge of attempted disarming of a peace officer alleged that defendant "without the consent of a peace officer, to wit: Sergeant Nicholas Vasselli Star 2213, knowingly *attempted to take* a weapon from the person of Sergeant Vasselli while Sergeant Vasselli was engaged in the performance of his official duties" (emphasis added). The charge of resisting or obstructing a peace officer alleged that defendant "knowingly *resisted* the performance of Sergeant Vasselli, star number 2213, one known to [him] to be a peace officer of any authorized act within his official capacity and was the proximate cause of an injury to said peace officer" (emphasis added).

¶ 13    In this court, defendant argues that he was found guilty of multiple offenses arising from the same act—the struggle, during which he attempted to disarm Vasselli. Defendant was convicted of the Class 4 version of resisting, which required the State to prove that his act of resisting also proximately caused injury to Vasselli. 720 ILCS 5/31-1(a-7) (West 2016). He maintains that because Vasselli was injured while he attempted to disarm him, both offenses are based on the same physical act in violation of the one-act, one-crime rule, and the less serious offense of resisting a peace officer must be vacated.

¶ 14    We find that the trial court did not err in convicting defendant of attempted disarming of a peace officer and resisting or obstructing a peace officer because the State's evidence described separate acts, which occurred during the struggle. Stated differently, defendant's convictions do not violate the one-act, one-crime rule because the State's evidence showed two separate acts for which defendant was convicted.

¶ 15    As mentioned, the charge of resisting or obstructing a peace officer alleged that defendant knowingly resisted the performance of Vasselli and the resistance was the proximate cause of an

injury to Vasselli. The attempted disarming count alleged that defendant knowingly attempted to take a weapon from Vasselli. At trial, Vasselli testified that after he handcuffed defendant, he observed him reaching behind himself. Defendant's right hand became free of the handcuffs and the men struggled. During the struggle, they fell to the street, got up, and fell a couple more times. Vasselli testified that as a result of the struggle he sustained scrapes to his hands, his left wrist, a scratch on the bridge of his nose and pain to his knee. Defendant's act of struggling with Vasselli was sufficient to establish his resistance of an officer, who was engaged in the performance of his official duties, and causing proximate injury to said officer. Vasselli also testified that he was eventually able to push defendant into the car. Defendant then said "I'm going to get your gun" and reached for Vasselli's Taser. Defendant's act of reaching for the Taser was sufficient to show his knowing attempt to take a weapon from Vasselli. As such, because these are two separate and distinct acts, which occurred during the struggle, defendant's convictions do not violate the one-act, one-crime rule.

¶ 16    In support of this conclusion, we note that our supreme court has explained that a person can be guilty of two offenses when a common act is (1) part of both offenses or (2) part of one offense and the only act of the other offense. *Smith*, 2019 IL 123901, ¶ 18 (citing *Coats*, 2018 IL 121926, ¶ 15). In *Coats* our supreme court set out several examples where multiple convictions were proper. 2018 IL 121926, ¶ 16. In those examples, both offenses involved a common act that served as the basis for both convictions, but one offense involved an additional act not required for the other offense. *Smith*, 2019 IL 123901, ¶ 19. Because the common act was only part of one offense and the sole act of the other offense, the two offenses were not carved from precisely the same physical act. *Id.* citing *People v. McLaurin*, 184 Ill. 2d 58, 105 (1998) (multiple convictions

for intentional murder and home invasion were proper because, although they both involved the act of setting the fire, the additional act of entering the dwelling of the victim was a separate act supporting the home invasion); *People v. Tate*, 106 Ill. App 3d 774, 778-79 (1982) (the wound inflicted on a victim could serve both as the bodily harm to satisfy the aggravated battery conviction and the injury to satisfy the home invasion conviction where home invasion also involved an unlawful entry).

¶ 17    Here, both offenses involved defendant's conduct of struggling with Vasselli that served as the basis for his convictions. However, one offense, the attempted disarming, involved an additional act not required for the other offense—defendant's act of reaching for Vasselli's Taser. Therefore, the act of reaching for Vasselli's Taser supported the attempted disarming of a peace officer conviction. The act of struggling with Vasselli and proximately injuring him supported the resisting or obstructing a peace officer conviction. Although defendant's act of misconduct are interrelated, under *King* and *Rodriguez*, defendant's conduct of reaching for Vasselli's Taser provides a separate act upon which to support the attempted disarming offense. See *People v. Rodriguez*, 169 Ill. 2d 183, 188-89 (1996); *People v. Dixon*, 91 Ill. 2d 346, 355 (1982) (multiple acts may be found, as defined in *King*, even where the acts are interrelated). As such, the two offenses were not carved from precisely the same act.

¶ 18    Defendant nevertheless argues that since it was not specified when Vasselli's injuries were sustained, it may have been when struggling over Vasselli's Taser, therefore only one act could serve to support both convictions. The State argues that defendant's original attempt to flee proximately caused the injuries to Vasselli. We agree with the State. The record shows that when defendant freed himself from the handcuffs, he and Vasselli began to struggle. During the

struggle, they fell to the street, got up, and fell a couple more times. Vasselli testified that as a result of the struggle he sustained scrapes to his hands, his left wrist, a scratch on the bridge of his nose and pain to his knee. This evidence was sufficient for the trier of fact to conclude that Vasselli was injured prior to defendant reaching for the Taser. Consequently, the attempt to disarm the officer was a separate act from the struggle which proximately caused the injury.

¶ 19    Proceeding to the second step of our one-act, one-crime analysis we must determine if any of the offenses are lesser-included. This requires applying the abstract elements approach. *Smith*, 2019 IL 123901, ¶ 37. The abstract elements approach compares the statutory elements of each offense. *Id.* If the elements of one are entirely included within the elements of the other offense, and contains no elements that are not in the second offense, the first offense is deemed a lesser-included offense of the second. *Id.* In that case, the less serious offense must be vacated. *Id.*

¶ 20    Defendant does not argue that either offense is a lesser-included offense of the other. As charged here, a person is guilty of the Class 4 felony offense of resisting or obstructing a peace officer when the person "knowingly resists or obstructs the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act within his or her official capacity" and the violation proximately causes injury. 720 ILCS 5/31-1 (West 2016). A person is guilty of the offense of attempted disarming of a peace officer when he attempts without consent of a peace officer "to take a weapon from a person known to him or her to be a peace officer or correctional institution employee, while the peace officer or correctional institution employee is engaged in the performance of his or her official duties or

from an area within the peace officer's or correctional institution employee's immediate presence." 720 ILCS 5/31-1a(b) (West 2016).

¶ 21   Not all the elements of resisting or obstructing a peace officer are included in the offense of attempted disarming of a peace officer, and the resisting or obstructing a peace officer offense contains elements that are not included in attempted disarming of a peace officer. Specifically, resisting requires any action in resistance to a police officer, disarming does not. Equally, disarming requires taking a weapon from a police officer or from his immediate area, whereas resisting does not. Therefore, under the abstract elements approach, the attempted disarming of a peace officer offense is not a lesser-included offense of resisting or obstructing a peace officer.

¶ 22   In sum, we find that defendant's convictions for resisting or obstructing a peace officer, and attempted disarming of a peace officer do not violate the one-act, one-crime rule because they were based on separate acts of wrongful conduct and are not lesser-included offenses.

¶ 23   For the reasons stated, we affirm the judgment of the judgment of the circuit court of Cook County.

¶ 24   Affirmed.