**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180514-U

Order filed February 4, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ALLAN AUSTIN, | ) | Appeal from the Circuit Court |
| | ) | of the Twelfth Judicial Circuit, |
| Petitioner-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-18-0514 |
| | ) | Circuit No. 18-MR-1478 |
| KEVIN KINK, Warden | ) | |
| Lawrence Correctional Center, | ) | The Honorable |
| | ) | Arkadiusz Smiegielski, |
| Respondent-Appellee. | ) | Judge, presiding. |
| | ) | |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The trial court did not err when it *sua sponte* dismissed Allan Austin's complaint for *habeas corpus* relief.

¶ 2    In this appeal, Petitioner Allan Austin asks us to reverse the trial court's order *sua sponte* dismissing his *habeas corpus* complaint. We conclude his complaint failed to allege any of the necessary grounds that would have entitled him to release. We therefore affirm the trial court's order.

¶ 3                                              FACTS

¶ 4          In December 1998, a jury convicted Austin of three counts of aggravated criminal sexual

assault (720 ILCS 5/12–14(a)(2) (West Supp.1997)), two counts of home invasion (720 ILCS

5/12–11(a)(2) (West 1996)), two counts of residential burglary (720 ILCS 5/19–3 (West 1996)),

one count of vehicular invasion (720 ILCS 5/12–11.1 (West 1996)), one count of unlawful

restraint (720 ILCS 5/10–3 (West 1996)), and two counts of criminal sexual abuse (720 ILCS

5/12–15(a)(1) (West 1996)).

¶ 5          Austin's convictions stemmed from his separate attacks on three women at the Illinois

Wesleyan University campus in March 1998. In the first attack, Austin entered a woman's car,

punched her in the face, and sexually abused her by rubbing her chest and the area between her

legs. He fled when he noticed a car entering the parking lot. In the next attack, several weeks

later, Austin grabbed a different woman by the arm as she walked home from her boyfriend's

dormitory. He attempted to drag her to a nearby parking lot. She was able to escape. The next

day, in the third attack, Austin broke into a woman's home during the night, punched her in the

face, and raped her. Austin threatened to kill the woman as he forced her to perform oral sex on

him. Police arrested him in early May 1998, when his first victim saw him in the same parking

lot in which he entered her car two months earlier. During a police interview, he admitted his

commission of the attacks and revealed knowledge of factual details that confirmed his

involvement.

¶ 6          After his convictions, the trial court sentenced Austin to an aggregate of eighty years in

prison. A panel of the Fourth Judicial District of the Appellate Court of Illinois affirmed his

convictions and sentence on direct appeal. *See People v. Austin*, No. 4-99-0188, 316 Ill. App. 3d

1307 (Nov. 16, 2000) (unpublished order under Supreme Court Rule 23). Austin subsequently

filed several *pro se* proceedings, all of which have been fruitless. *People v. Austin*, 2014 IL App (4th) 140408, ¶ 10.

¶ 7    Austin filed a complaint for state *habeas corpus* on May 17, 2018. He contended that his three aggravated sexual assault convictions were against the same person at the same time and place. He thus argued that these convictions violated the one-act, one-crime doctrine because they stemmed from the same physical act. He also argued that his home invasion conviction was improper because it is a lesser-included offense to his aggravated sexual assault convictions. The trial court dismissed his petition *sua sponte* on August 10, 2018. Austin filed his notice of appeal on August 20, 2018.

¶ 8    This appeal now follows.

¶ 9                                        ANALYSIS

¶ 10    Section 10-124 of the Code of Civil Procedure provides only seven grounds for *habeas corpus*, which fall into two general categories: (1) the petitioner "who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or" over his person; or (2) "where there has been some occurrence subsequent to [his] conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008); 735 ILCS 5/10-124 (2018). Relief will not be granted where the complaint does "not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights." *Id.* A trial court has the authority to *sua sponte* deny a state *habeas corpus* complaint without notice to the plaintiff, leave to amend the complaint, or a hearing." *Hennings v. Chandler*, 229 Ill. 2d 18, 19 (2008).

¶ 11    In his complaint, Austin contended that his convictions violated the one-act, one crime doctrine because (1) all three of the sexual assault offenses are based on the same physical act—sexual penetration—forced upon the same victim at the same time and place, and (2) the home

3

invasion offense is a lesser-included offense of criminal sexual assault. He now argues that he is entitled to release. We disagree.

¶ 12      "Multiple convictions are improper if they are based on *precisely* the same physical act." *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996) (emphasis added). If the trial court determines that the defendant committed multiple acts, the court then determines whether any of the offenses are lesser included offenses. *Id.* If so, then multiple convictions are improper; if not, then multiple convictions may be entered. *Id.*

¶ 13      Austin contends that he was convicted for the same physical act on the same victim. However, he is factually incorrect. His convictions stemmed from his separate attacks on three women at the Illinois Wesleyan University campus. Since each attack is against a separate woman, the convictions cannot be "based on precisely the same physical act." *Rodriguez*, 169 Ill. 2d at 186. Moreover, our supreme court has held that "home invasion was not a lesser included offense of *** aggravated sexual assault." *Id.* at 191. Thus, his convictions for three counts of aggravated sexual assault and one count of home invasion do not violate the one-act, one-crime doctrine. *Id.* We conclude that the trial court properly exercised its authority to *sua sponte* dismiss Austin's complaint because the complaint failed to allege any of the Section 10-124 defects. *Beacham*, 231 Ill. 2d at 58; *Hennings*, 229 Ill. 2d at 19.

¶ 14                                    CONCLUSION

¶ 15      The judgment of the circuit court of Will County is affirmed.

¶ 16      Affirmed.