**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190215-U

Order filed September 29, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0215 Circuit No. 18-CF-104 |
| AUSTIN D. NORBERG, | ) ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction of resisting a peace officer violated the one-act, one-crime doctrine.

¶ 2    Defendant, Austin D. Norberg, appeals his convictions for aggravated battery and

resisting a peace officer, arguing that the less serious conviction violates the one-act, one-crime

doctrine. We affirm in part and vacate in part.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged with two counts of aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2018)), one count of resisting a peace officer (*id.* § 31-1(a-7)), and one count of fleeing or eluding a peace officer (625 ILCS 5/11-204(a) (West 2018)). Relevant to this appeal, count II for aggravated battery alleged that defendant

> "knowingly caused bodily harm to Derek Hendrick, in that said defendant drove away from the scene while *** Hendrick was holding on to the defendant's wrist, causing *** Hendrick to be struck by the vehicle door and causing bruising and pain to *** Hendrick, knowing *** Hendrick to be a peace officer who was engaged in the execution of his official duties."

Count IV for resisting a peace officer alleged that defendant

> "knowingly resisted the performance of *** Hendrick of an authorized act within his official capacity, being the investigation of said defendant, knowing *** Hendrick to be a peace officer engaged in the execution of his official duties, in that said defendant shifted his vehicle into drive and accelerated, causing injury to *** Hendrick's arm and back."

¶ 5    A jury trial was held, and Deputy Derek Hendrick testified that he was on duty when he observed defendant, in the driver's seat of a vehicle, parked at a gas station. Hendrick approached the driver's side of the vehicle and told defendant to exit the vehicle. After defendant refused to exit the vehicle, Hendrick opened the driver's side door and grabbed defendant by the arm. As Hendrick reached for his handcuffs, defendant began to drive away, causing Hendrick to be caught in the doorframe. The vehicle door hit Hendrick, causing bruising to his arm and ribs.

¶ 6    The jury found defendant guilty of one count of aggravated battery, resisting a peace officer, and fleeing or attempting to elude a peace officer. Defendant was sentenced to

2

concurrent terms of eight years' imprisonment for aggravated battery, four years' imprisonment for resisting a peace officer, and 364 days in jail for fleeing or attempting to elude a peace officer.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant argues that his conviction for resisting a peace officer violates the one-act, one-crime doctrine because it was based on the same physical act as the aggravated battery conviction. Defendant argues that his conviction for resisting a peace officer must be vacated. The State contends that there was no violation of the one-act, one-crime doctrine because there were two separate acts that led to defendant's convictions.

¶ 9        Defendant concedes that he forfeited this issue by failing to raise it at trial or in a posttrial motion but asks us to conduct plain error review. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). A reviewing court may consider an unpreserved issue when

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

This issue may be reviewed under the second prong of the plain error analysis because a one-act, one-crime violation affects the integrity of the judicial process. *People v. Harvey*, 211 Ill. 2d 368, 389 (2004). The application of the one-act, one-crime doctrine is reviewed *de novo*. *People v. Coats*, 2018 IL 121926, ¶ 12.

3

¶ 10    Under the one-act, one-crime doctrine, "a defendant may not be convicted of multiple offenses that are based upon precisely the same single physical act." *People v. Johnson*, 237 Ill. 2d 81, 97 (2010). However, multiple convictions are permitted when the defendant has "committed several acts, despite the interrelationship of those acts." *People v. King*, 66 Ill. 2d 551, 566 (1977). We employ a two-step analysis to determine whether there was a violation of the one-act, one-crime doctrine. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). First, it must be determined "whether the defendant's conduct consisted of a single physical act or separate acts." *Coats*, 2018 IL 121926, ¶ 12. The definition of an "act" for the purposes of the one-act, one-crime doctrine is " 'any overt or outward manifestation which will support a different offense.' " *Rodriguez*, 169 Ill. 2d at 188 (quoting *King*, 66 Ill. 2d at 566). If there was only one physical act, the less serious conviction must be vacated. *Johnson*, 237 Ill. 2d at 97. "If it is determined that the defendant committed multiple acts, the court then moves to the second step and determines whether any of the offenses are lesser-included offenses." *Coats*, 2018 IL 121926, ¶ 12. The less serious offense is the one which carries the less serious punishment. *People v. Artis*, 232 Ill. 2d 156, 170 (2009). The convictions are proper if there are no lesser-included offenses. *Coats*, 2018 IL 121926, ¶ 12.

¶ 11    We must first determine whether defendant's conduct consisted of separate acts or a single physical act. See *id.* Defendant was convicted of aggravated battery, which required the State to prove that he knowingly caused bodily harm to an individual or made physical contact of an insulting or provoking nature with an individual, and that he knew the individual to be a peace officer. See 720 ILCS 5/12-3.05(d)(4) (West 2018). Defendant was also convicted of the Class 4 felony form of resisting a peace officer, which required the State to show that he knowingly resisted the performance by one known to the person to be a peace officer of any authorized act

4

within his or her official capacity (*id.* § 31-1(a)), and that defendant's violation was the proximate cause of an injury to a peace officer (*id.* § 31-1(a-7)).

¶ 12 Defendant argues that his convictions for aggravated battery and resisting a peace officer derive from his single act of driving away which both knowingly caused bodily harm to and proximately caused injury to Hendrick. We agree. Hendrick was struck by the door of defendant's vehicle as defendant drove away. This door strike, which derived from defendant's single act of driving away, was the sole cause of Hendrick's injuries. Therefore, it cannot serve as the basis for both his aggravated battery and resisting a peace officer convictions. Accordingly, we vacate the resisting a peace officer conviction as it is the lesser offense— resisting a peace officer is a Class 4 felony (*id.*), and the aggravated battery in this case is a Class 2 felony (*id.* § 12-3.05(d)(4), (h)).

¶ 13 III. CONCLUSION

¶ 14 The judgment of the circuit court of Henry County is affirmed in part and vacated in part.

¶ 15 Affirmed in part and vacated in part.