THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELLIS WILLIAMS, Defendant-Appellant.

Second District    No. 2—97—0956

Opinion filed February 19, 1999.—Rehearing denied March 11, 1999.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Bald, State's Attorney, of Freeport (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Following a jury trial, defendant, Ellis Williams, was convicted of the offenses of armed violence based upon possession of a controlled substance (720 ILCS 5/33A—2 (West 1996)); unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1996)); and unlawful use of a weapon (720 ILCS 5/24—1(a)(9) (West 1996)). The jury found him not guilty of possession of a controlled substance with intent to deliver.

The trial court sentenced him to concurrent terms of 18 years' imprisonment for armed violence and 10 years' imprisonment for unlawful possession of a weapon by a felon. No sentence was imposed for the charge of unlawful use of a weapon as it was deemed to be a lesser included offense.

Defendant presents three issues on appeal. First, he argues that the trial court erred when it imposed a sentence for the conviction of the unlawful possession of a weapon by a felon, contending that such a separate sentence violates the one-act, one-crime rule. His second ground for appeal focuses on the constitutionality of Public Act 88—680 (Pub. Act 88—680, eff. January 1, 1995), which increased the minimum sentence for armed violence. Last, he alleges that the court erred when it imposed an extended-term sentence for the unlawful possession of a weapon by a felon.

On June 11, 1997, a Stephenson County deputy sheriff stopped a motor vehicle because the rear license plate was not properly illuminated. There were five people in the car, two in the front and

three in the rear. While the deputy was processing a warning ticket, he noticed that one of the backseat passengers seemed to be very nervous. The man, who was later identified as defendant, Ellis Williams, kept turning around and moving around in his seat.

When the officer asked defendant his name, defendant told him his name was Michael Williams. The officer knew Michael Williams and knew that defendant was not telling the truth. The driver of the car told the deputy he knew defendant as Ellis and the officer checked to see if there were any outstanding warrants for Ellis Williams. When he found that a warrant was outstanding for Ellis Williams, he arrested defendant and took him into custody. In so doing, he noticed the grip of a pistol that had been pushed down between the seat and the backrest behind the place where defendant had been sitting. When the officer pulled the gun out of the seat, he found a clear plastic baggie next to it. The baggie contained nine rocks of cocaine in a quantity of 1.4 grams. At trial, the State introduced two of defendant's prior felony convictions. The defendant offered no witnesses.

## THE ONE-ACT, ONE-CRIME RULE

■ Defendant urges this court to apply the rule of law announced in *People v. King*, 66 Ill. 2d 551 (1977). In *King* the supreme court stated:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566.

The *King* case was later refined by the supreme court in *People v. Rodriguez*, 169 Ill. 2d 183 (1996). In *Rodriguez*, the court in discussing the definition of "act" held that it simply means " 'any overt or outward manifestation which will support a different offense.' " *Rodriguez*, 169 Ill. 2d at 186, quoting *King*, 66 Ill. 2d at 566. The supreme court went on to state that a person can be 'guilty of two offenses when a common act is part of both offenses. *Rodriguez*, 169 Ill. 2d at 188. The *Rodriguez* decision held that convictions for both aggravated criminal sexual assault and home invasion are proper where defen-

dant committed multiple acts, despite the interrelationship of those acts.

In the case decided herein, the common act is a felon possessing a gun and drugs simultaneously. There is no separate act. In one instance the gun is combined with possession of a controlled substance to constitute armed violence, and in the other it is combined with the act of a convicted felon status to create a separate offense. We hold that the one-act, one-crime rule does apply to these convictions. Accordingly, the separate conviction of the unlawful possession of a weapon by a felon is reversed and the separate sentence vacated.

### THE CONSTITUTIONALITY OF PUBLIC ACT 88—680

Defendant attacks the constitutional basis of Public Act 88—680 under the single subject rule. See Ill. Const. 1970, art. IV, § 8(d) ("Bills, except for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject"). The *focus* of this challenge is the designation of the class of felony on which a person is to be sentenced when convicted of armed violence. 720 ILCS 5/33A—2 (West 1996). Under section 33A—3(a) of the Criminal Code of 1961 (720 ILCS 5/33A—3(a) (West 1996)), when a person is convicted of armed violence where the weapon is a category I weapon, he or she would be sentenced as a Class X offender with a minimum term of imprisonment of 15 years. In this case, the handgun used is classified as a category I weapon (720 ILCS 5/33A—1(b) (West 1996)), and the court sentenced defendant to 18 years' imprisonment, 3 years in excess of the minimum.

The State urges this court to adopt the rule announced in *State v. Mabry*, 460 N.W.2d 472, 475 (Iowa 1990), which held:

> " 'Although an act, as originally passed, was unconstitutional because it contained matter different from that expressed in its title, or referred to more than one subject, it becomes, if otherwise constitutional, valid law on its adoption by the legislature and incorporation into a general revision code.' " *Mabry*, 460 N.W.2d at 475, quoting 82 C.J.S. *Statutes* § 274, at 459 (1990 Supp.)

■ Our supreme court in *People v. Reedy*, 186 Ill. 2d 1 (1999), declined to adopt the rule in the Iowa case of *Mabry*. The Supreme Court of Illinois found that the application of this rule would go against Illinois' well-established single-subject-clause jurisprudence. Based on *Reedy*, we feel that this issue is decided and may not be reconsidered in this case.

We have found two opinions dealing with the alleged violation of the single subject rule in the adoption of Public Act 88—680. *People v. Wiggins*, 298 Ill. App. 3d 766 (1998), was decided by the Appellate Court, First District. That case held Public Act 88—680 constitutional.

The other case, *People v. Dainty*, 299 Ill. App. 3d 235 (1998), was decided by a panel of the Appellate Court, Second District, assigned to a case filed September 22, 1998, as an opinion of the Appellate Court, Third District. The State cites both of these cases in its brief filed November 4, 1998; defendant cites *Dainty* in his reply brief but not *Wiggins*, which was discussed and not followed in *Dainty*.

We also believe the *Reedy* rationale is applicable to the issue of single subject violation raised herein. We choose to follow the decision in *Dainty* and, therefore, hold that Public Act 88—680 violates the single subject rule and is unconstitutional in its entirety. We see Public Act 88—680 as containing a multitude of provisions creating several new laws in unrelated matters. We, too, fail to see the relationship between such subjects as the imposition of monetary penalties upon business entities for the violation of the WIC Vendor Management Act (see 410 ILCS 255/1 *et seq.* (West 1996)), the creation of a Secure Residential Youth Care Facility Licensing Act (730 ILCS 175/45—1 *et seq.* (West 1996)), and the imposition of enhanced criminal penalties. We do not believe that these many discordant provisions can be considered to possess a natural and logical connection to neighborhood safety, one of the announced titles added when the bill was considered by the Senate.

We therefore vacate the sentence of 18 years' imprisonment imposed for the offense of armed violence, and we remand the cause and direct the trial court to resentence defendant under the law applicable before the adoption of Public Act 88—680.

## EXTENDED-TERM SENTENCE

■ Defendant argues that the trial court improperly imposed an extended-term sentence for the offense of unlawful possession of a weapon by a felon when he was also being sentenced separately for a greater class felony. The State agrees that this sentence was imposed in error.

For the reasons stated above, we have reversed that conviction and vacated the sentence and, thus, we need not further consider this issue except to agree with the parties that under *People v. Jordan*, 103 Ill. 2d 192 (1984), an extended-term sentence was inappropriate.

That portion of the judgment of the circuit court of Stephenson County entered on the conviction of armed violence is affirmed; the conviction of unlawful possession of a weapon by a felon is reversed;

and the sentences are vacated. The cause is remanded for resentencing on the conviction of armed violence.

Affirmed in part, reversed in part, and vacated in part; cause remanded.

BOWMAN, P.J., and McLAREN, J., concur.