1 October 1999

No. 4--97--1017

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the Circuit

) Court of the 21st

Plaintiff-Appellee, ) Judicial Circuit,Kankakee

) County Illinois

)

v. ) No. 97-CF-352

)

ANTWAN D. BOYD, ) Honorable 

) Clark Erickson,

Defendant-Appellant. ) Judge Presiding

_________________________________________________________________

PRESIDING JUSTICE HOLDRIDGE delivered the Opinion of the court:

________________________________________________________________

Defendant was tried by a Kankakee County jury and convicted of aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful use of a weapon.  Judgments were entered on each conviction and he was sentenced to concurrent terms of 12, 6, and 2 years imprisonment respectively. 

On appeal, the defendant argues that: (1) he was not proved guilty beyond a reasonable doubt; (2) the trial court erred in not admitting into evidence two affidavits; (3) his conviction for aggravated discharge of a firearm should be vacated as a lesser included offense of his conviction for aggravated battery; (4) his conviction for unlawful use of a weapon should be reduced to a misdemeanor; and (5) his judgment of sentence should reflect day-for-day credit.  

We vacate defendant's conviction for aggravated discharge of a firearm, reduce defendant's conviction for unlawful use of a weapon from a felony to a misdemeanor, strike all reference to truth-in-sentencing provisions from the sentencing order, and otherwise affirm the judgment of the trial court.   

At defendant's trial, Virginia Staples testified that on the night of May 24, 1997, at approximately 2:00 a.m., she was driving a car in which John Hawkins, Delbert Davis, and Lerviearn Boyd were passengers.  On the way to Lerviearn's house, the car passed defendant's brother, Larry Boyd, standing by the side of the road.  After dropping Lerviearn at the house, Staples retraced her route and drove toward where Larry Boyd had been.  This time Larry Boyd stood in the middle of the road with his arms raised in the air.  Staples stopped the car.  She noticed two other men with Larry Boyd.  When she stopped the car, Larry Boyd approached and began to yell at one of the passengers.  As Staples began to drive away, Larry Boyd kicked the car.  Davis then got out of the car.  Staples stopped the car, and both she and Hawkins got out.  Larry Boyd, the defendant and a man identified as Tim Binion approached.  

Davis and Larry Boyd exchanged words, which immediately lead to a fight between the two.  Davis threw Larry Boyd to the ground and began kicking him in the stomach.  At this point, according to Staples' testimony, defendant walked toward Davis, drew a handgun and fired at Davis' head from a distance of approximately five feet.  The shot grazed Davis' chin.  Davis then got up and made a dash for the car, with defendant and Binion shooting at him.  Hawkins also made it back to the car.  He too had been struck by a bullet.  Staples testified that she did not see a gun in Hawkins' possession.

On cross-examination, Staples admitted that she had given a statement to police, but had not stated that defendant had aimed his gun at Davis's head.  

Davis testified in similar detail and corroborated Staples' testimony.  In addition, Davis testified that he saw a gun on the  ground, but he did not see Hawkins shoot that gun at the defendant.  However, he was impeached by a statement he had given to police while in the hospital, wherein he stated that Hawkins had a gun and shot at least one round at defendant.    

Deputy Mark Aydelott testified that he went to the scene around 2:30 a.m., on May 25, 1997, where he found defendant lying on the ground with two gunshot wounds in his upper torso.  Aydelott testified that defendant was in pain and had difficulty speaking.  He was able, however, to tell the deputy that he had been shot by Hawkins.  Approximately 100 feet from defendant, Aydelott found a chrome colored stainless steel revolver surrounded by numerous shell casings.  

Investigator Brian Raetz testified that, based upon bullets and shell casings found at the scene, at least three different calibers of weapons were used.  Neither the gun nor the shell casings were dusted for fingerprints.

Tayrone Boyd, defendant's cousin, testified for the defense.  He stated that he was present at the scene.  According to Tayrone, the first person to shoot was Hawkins, who shot at defendant from a distance of approximately 12 feet.  Tayrone did not see the defendant fire a shot.  However, when the shooting started, Tayrone retreated to a nearby house, after which he heard five or more gunshots.  Tayrone's statement that after Hawkins shot at defendant, defendant returned fire, was introduced to impeach his previous testimony that he did not see defendant with a gun.  

Defendant testified that he and Hawkins were watching as  Davis and Larry Boyd fought.  Defendant took his hand from his pocket, and as he did so, he saw Hawkins shoot at him from a distance of about 30 feet.  Scared and bent over from a wound, he took out a gun and returned fire while trying to run away.  He testified that he had not taken out his gun until Hawkins shot him, at which time he believed that his own death or great bodily harm was imminent.  The jury convicted defendant on all charges.  

The defendant first maintains that he was not proven guilty beyond a reasonable doubt of the offenses of aggravated battery with a firearm and aggravated discharge of a firearm because he fired at Hawkins in self-defense.  When considering a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237 (1985).

Once a defendant presents some evidence tending to prove self-defense, the burden is upon the People to prove beyond a reasonable doubt that the accused did not act in self-defense.  
People v. Denny
, 221 Ill. App. 3d 298 (1991).  A question of self-defense is a factual matter.  
Denny
, 221 Ill. App. 3d at 303.  The jury, as finder of fact, determines the credibility of witnesses, draws reasonable inferences from testimony and resolves conflicts in evidence.  
People v. Jennings
, 268 Ill. App. 3d 439 (1994).  A jury need not accept a defendant's claim of self-defense.  
People v. Belpedio
, 212 Ill. App. 3d 155 (1991). 

At its essence, defendant's claim is that the People failed to prove beyond a reasonable doubt that he fired first at Davis, and not in self-defense after Hawkins fired at him.  He maintains that the witnesses who testified that he fired first (Staples and Davis) were biased against him, had been impeached on key points, and were generally unworthy of belief.  In contrast, he maintains, his own testimony and that of his cousin Tayrone established that the defendant fired in self-defense.  We disagree.

Although the evidence is conflicting as to who fired the first shot, the jury chose to resolve the conflict by crediting the People's witnesses and discrediting the defendant's witnesses.  While the defendant maintains that the People's witnesses were biased against him due to family loyalties, he must also acknowledge that the witnesses in his favor were also biased in his favor based on those same family loyalties. 

We also reject defendant's contention that Staples' testimony was impeached by introduction of an allegedly inconsistent statement she gave to police immediately following the incident.  Without undue detail concerning Staples' trial testimony and her prior statement, a review of that statement shows no material inconsistencies.   

Further, the credibility of the People's witnesses was bolstered by the objective evidence presented at trial.  The evidence established that defendant fired a .38 caliber semi-

automatic hand gun.  The evidence also established that the defendant was the only participant in the shooting who used that particular type of weapon.  Three spent shell .38 caliber casings were found very near where Davis and Boyd had fought, and an additional four casings were found at a point several feet away.  

The People argued, and the jury accepted, that the placement of these casings established that the defendant fired three shots while only a few feet away from Davis, and then fired four more shots from a point further away.  This evidence, the People maintained, supported Staples' and Davis' testimony that defendant fired first from a point only a few feet from Davis.  This evidence also contradicted defendant's testimony that he returned fire from a point approximately 30 feet from Davis.  

Viewing the evidence in the light most favorable to the People, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant did not act in self-defense and that the elements of the charged offenses were proven beyond a reasonable doubt.

Defendant next maintains that the trial court erred in refusing to admit into evidence the affidavits of Larry Boyd and Tim Binion.  He claims that the statements were admissible under section 115-10.2 of the Code of Criminal Procedure of 1963 (the Code)(725 ILCS 115-10.2 (West 1996).  We disagree and affirm the trial court's ruling. 

The affidavits at issue had been given to defendant's counsel by these men on or about August 13, 1997.  Both men were served with subpoenas, which were caused to be issued on August 14, 1997.  Both subpoenas commanded the individuals to testify at defendant's trial on September 3, 1997.  On that date defense counsel filed a motion asking the trial court to order Boyd and Binion to testify, and if they refused, to order their affidavits admitted at trial.  By the time the motion was argued, both Boyd and Binion had been charged with criminal offenses arising from the same incident.  Both invoked their constitutional right against self-incrimination, and refused to testify.  The trial court denied defendant's motion to admit the affidavits, finding (1) that it was without authority to order a witness to give up his right not to testify, thus Boyd and Binion were not under order to testify, and (2) that the affidavits lacked sufficient indicia of trustworthiness to allow the admission under section 115-10.2 of the Code, which provides:

"(a) A statement not specifically covered by any other hearsay exception but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if the declarant is unavailable as defined in subsection (c)* * *  

* * *

(c) Unavailability as a witness is limited to the situation in which the declarant persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so."  725 ILCS 5/115-

10.2 (West 1996). 

The defendant argues that the trial court erred both in finding that Boyd and Binion were not unavailable and in finding that the statements lacked sufficient guarantees of trustworthiness necessary to be admitted.  

Hearsay statements are generally admissible as statements against penal interest where certain factors are present to establish trustworthiness of the statements.  Those factors are: (1) that the statement was made spontaneously to a close acquaintance shortly after the crime; (2) that it was corroborated by evidence; (3) that it was self-incriminating and against the declarant's interest; and (4) that their was adequate opportunity cross-examine the declarant.  
People v. Bowel
, 111 Ill. 2d 58 (1986).  It is for the trial judge to determine by the totality of the circumstances whether a statement is to be considered trustworthy and that determination will not be reversed absent an abuse of discretion.  
People v. Carson
, 238 Ill. App. 3d 457 (1992).  An abuse of discretion occurs where no reasonable person would take the position held by the trial court.  
People v. Illigen
, 145 Ill. 2d 353 (1991).

Here, we cannot say that the trial court abused its discretion in finding that the Boyd and Binion statements lacked sufficient indicia of trustworthiness to be admitted.  In so finding, the trial court specifically noted that the affidavits were not given until approximately three months after the events transpired, and thus were not sufficiently spontaneous.  In addition, the trial court noted that the statements were not subject to cross-examination.  

In support of his argument that the Boyd and Binion statements should have been admitted, defendant cites specific cases wherein a delay of longer than three months in making a statement did not preclude admission of the statements.  See, 
United States v. Van Lufkins
, 676 F.2d 1189, 1191-92 (8
th
 Cir. 1982)(statement trustworthy despite seven month delay where corroborated by other evidence).  In addition, he cites other cases wherein statements not subject to cross-examination were admitted.  See, 
People v. West
, 574 F.2d 1131, 1134-36 (4
th
 Cir. 1978)(grand jury testimony not subject to cross-examination nonetheless admitted as trustworthy where witnesses who corroborated the statements were subject to cross-examination).  

We agree that the presence or absence of any single factor would not necessarily preclude a finding of trustworthiness.  However, in the instant case, we cannot say that no reasonable person, considering the totality of circumstances, would reach the same conclusion as the trial court in this matter.  We therefore affirm the trial court's ruling not admitting the Boyd and Binion statements.

As we uphold the trial court's finding that the affidavits lacked the requisite degree of trustworthiness to be admitted, we need not rule on whether the decalarants were "unavailable" within the meaning of section 115-10.2 of the Code.

Defendant next maintains that his conviction for aggravated discharge of a firearm should be vacated as a lesser included offense of his aggravated battery with a firearm conviction.  While this issue was not raised by the defendant in his post-

trial motion, we find that this error constitutes plain error.  
People v. Smith
, 183 Ill. App. 3d 425, 427 (1998)(convictions which should have been vacated by the trial court affect substantial rights, and constitute plain error).  

Whether multiple convictions may properly stand is a question of law subject to 
de
 
novo
 review.  
People v. Landwer
, 166 Ill.2d 475 (1995).  Multiple convictions are improper if they are based on precisely the same physical act.  
People v. Rodriquez
, 169 Ill.2d 183 (1996).  
Under the charging instrument analysis, the charging instrument is examined to determine whether a particular offense is a lesser included offense of another. "An offense is deemed to be a lesser included offense if it is described by the charging instrument" ( 
Novak
, 163 Ill. 2d at 107, citing 
People v. Wys
, 103 Ill. App. 3d 273, 276 (1982)) and if the charging instrument at least "sets out the main outline of the lesser offense" (
People v. Bryant
, 113 Ill. 2d 497, 505 (1986)). 

Here, the indictment charging the aggravated battery with a firearm alleged that defendant, "in committing a battery *** knowingly and without legal justification, caused an injury to Delbert I. Davis, Jr. by means of the discharging of a firearm, in that said defendant shot Delbert I. Davis, Jr. about the body with a handgun."  The indictment charging aggravated discharge of a firearm alleged that defendant "knowingly discharged a firearm in the direction of another, Delbert I Davis, Jr."  

We note that, contrary to the People's contention on appeal, the indictment does not allege that the defendant engaged in a separate act of shooting at Hawkins.  We also note that neither the indictment nor the evidence presented at trial established that defendant fired more than one shot at Davis.  We find that it is improper to allow the People to justify defendant's convictions by creating separable acts or offenses on appeal where the People did not proceed on a theory of separate acts at trial.  See, 
People v. Fornear
, 176 Ill.2d 523, 526 (1997); quoting 
People v. Spears
, 112 Ill.2d 396, 399 (1986).   

Applying the charged instrument approach here, the indictment alleging aggravated battery with a firearm clearly sets out the main outline of the offense of aggravated discharge of a firearm.  Also, the lesser offense, aggravated discharge, has a broad foundation in the indictment charging the greater offense.  The indictment charging aggravated battery with a firearm alleged that defendant discharged a firearm at Delbert Davis, causing injury to Davis, and that this act was done with the requisite mental state.  The indictment charging aggravated discharge of a firearm simply alleges that defendant discharged a firearm at Delbert Davis with the same requisite mental state.  Because aggravated discharge of a firearm is an included offense of aggravated battery with a firearm, defendant's conviction for aggravated discharge of a firearm must be vacated.

Defendant next maintains that his felony conviction for unlawful use of a weapon should be reduced to a misdemeanor conviction because it was a misdemeanor offense prior to the enactment of Public Act 88-680, which elevated it to a felony.  In 
People v. Dainty
, 299 Ill. App. 3d 235 (1998), appeal allowed 
     
 Ill. 2d 
   
 (1999), this court held that P.A. 88-680 violated the single subject rule, thus rendering the Act void 
ab
 
initio
.  Although our supreme court is considering our decision in 
Dainty
, we see no reason to retreat from our previous ruling.  We therefore reduce defendant's felony conviction to a misdemeanor and remand to the trial court for action consistent with this holding.

Finally, defendant maintains that the trial court erred in ordering that the truth-in-sentencing law be applied to his sentence, requiring him to serve 85% of his 12 year sentence for aggravated battery with a firearm.  Our supreme court recently held that P.A. 89-404, which contained the truth in sentencing law, was adopted in violation of the single-subject rule contained in the Illinois Constitution.  
People v. Reedy
, 186 Ill.2d 1 (1999).  As a consequence, the court held that P.A. 89-

404 was unconstitutional in its entirety.  In accordance with 
Reedy
, we find that the defendant is eligible to receive any good conduct credit he was entitled to receive before the enactment of Public Act 89-404.  We strike any reference to the contrary from the sentencing order.  

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed in part and vacated in part.  

Affirmed in part and vacated in part.     

LYTTON and SLATER, J.J., concurring.