# Illinois Official Reports

## Appellate Court

*People v. Brown*, 2018 IL App (3d) 150070-B

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DIEUSEUL BROWN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0070 |
| Filed | July 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 13-CF-300; the Hon. David A. Brown, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Patrick Delfino, Lawrence M. Bauer, and Jasmine Morton, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Holdridge and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Dieuseul Brown was convicted after a bench trial of armed violence, unlawful possession of a weapon by a felon, and unlawful possession of a controlled substance. The trial court sentenced him to an 18-year term on the armed violence count and an 8-year term on the weapon charge and found the unlawful possession of a controlled substance conviction merged with the other judgments. Brown appealed, challenging his convictions on one-act, one-crime principles. We affirm.

¶ 2                                                    FACTS

¶ 3    Defendant Dieuseul Brown was charged with armed violence (count I), unlawful possession of a weapon by a felon (count II), and unlawful possession of a controlled substance, cocaine (count III). Count I alleged that Brown committed armed violence by committing unlawful possession of a controlled substance while armed with a handgun. Count II alleged Brown committed unlawful possession of a weapon by a felon by possessing a firearm after having been previously convicted of a felony. Count III alleged Brown possessed less than 15 grams of cocaine.

¶ 4    Brown moved to quash the indictment, pointing to the inconsistencies in a detective's grand jury testimony that the cocaine was discovered on Brown when he was arrested. Discovery revealed that the drugs were not found until several hours after Brown's arrest when he was searched again at the police station prior to transport to the county jail. The State reindicted Brown and corrected the misstatements to the grand jury. In the supplemental indictment, the armed violence count became count IV and the cocaine possession charge became count V. The trial court denied Brown's motion to quash.

¶ 5    The cause proceeded to a bench trial. Two Peoria County detectives testified that Brown had a gun on his person when they arrested him for an unrelated first degree murder. An officer patted down Brown prior to bringing him to the police station and conducted another pat down search before uncuffing Brown at the station. Brown was interviewed, used the bathroom, and was again searched prior to transport to the county jail. During this search, a small baggie of cocaine was found in the watch pocket in Brown's jeans.

¶ 6    On the State's motion, the trial court accepted into evidence portions of the transcripts from Brown's murder trial where he admitted that he was a drug dealer, he owned the gun discovered on his person, and he kept a gun on him at all times. Also admitted into evidence was a certified copy of Brown's prior conviction. The parties stipulated to descriptions of the physical layout of the police station and a timeline of Brown's arrival, interview, and departure. Brown argued in closing arguments that the police searches were sloppy and that he could have found the cocaine at the police station. The State argued that the drugs were not discovered in the earlier searches because the package was small and soft and the police were looking for weapons and that it proved Brown possessed both the gun and the cocaine simultaneously.

¶ 7    The trial court found that the State proved Brown guilty beyond a reasonable doubt of all three counts, that he possessed the cocaine and drugs at the same time, and that it could be reasonably inferred that Brown did not find the cocaine at the police station. Brown moved for a new trial, which motion was heard and denied.

¶ 8        A sentencing hearing took place. The State sought a 44-year sentence and agreed that the unlawful possession of a controlled substance conviction would merge with the other judgments. It argued that the unlawful possession of a weapon by a felon would not merge because it has the "separate element being the felony conviction which would be the separate act." Brown agreed that the weapon conviction would not merge with the armed violence conviction because it was not a lesser-included offense and sought concurrent sentences.

¶ 9        The trial court imposed an 18-year term of imprisonment for the armed violence conviction and an 8-year term for unlawful possession of a weapon by a felony with the sentences to be served consecutively to each other and at 85%. The trial court merged the conviction for unlawful possession of a controlled substance into the other judgments. Brown filed a motion to reconsider his sentence, which was heard and granted, with the trial court finding Brown was eligible for day-for-day good time credit. Brown appealed. This court vacated Brown's conviction for unlawful possession of a weapon by a felon under one-act, one-crime principles, finding it was based on the same physical act of gun possession as used in his armed violence conviction. The State filed a petition for leave to appeal. The Illinois Supreme Court denied the petition and, in its supervisory authority, vacated this court's judgment. *People v. Brown*, No. 122507 (Ill. Mar. 21, 2018) (supervisory order). It ordered this court to reconsider in light of its decision in *People v. Coats*, 2018 IL 121926, whether Brown's convictions violated one-act, one-crime principles.

¶ 10                              ANALYSIS

¶ 11       The issue on appeal is whether the trial court's sentencing determination violated one-act, one-crime principles. Brown argues that his conviction for unlawful possession of a weapon by a felon must be vacated under one-act, one-crime principles because it was based on the same physical act of gun possession as used in his armed violence conviction.

¶ 12       Brown did not raise this issue below, but violation of one-act, one-crime principles "affects the integrity of the judicial process" and is appropriate for plain error review under doctrine's substantial rights prong. *In re Samantha V.*, 234 Ill. 2d 359, 378-79 (2009). To employ a plain error analysis, a plain or obvious error must have occurred. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 13       Courts employ a two-step analysis in applying one-act, one-crime principles. See *People v. King*, 66 Ill. 2d 551, 566 (1977). First, the court decides whether the defendant's conduct was a single physical act or multiple acts. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). If a single act, multiple convictions based on the act are prohibited. *Id.* Second, where the conduct consisted of multiple acts, the court must determine whether any of the offenses are lesser-included offenses. *Id.* This court reviews whether a conviction violates one-act, one-crime principles *de novo*. *People v. Boyd*, 307 Ill. App. 3d 991, 998 (1999).

¶ 14       We first decide whether Brown's conduct constituted a single act or multiple acts. In *People v. Coats*, 2018 IL 121926, ¶ 1, the defendant was convicted of multiple offenses, including armed habitual criminal and armed violence. He appealed his convictions, arguing they violated one-act, one-crime principles. *Id.* The appellate court affirmed and Coats appealed. *Id.* ¶¶ 6-7. The *Coats* court first acknowledged that plain error review was appropriate because a one-act, one-crime violation is an obvious error that challenges the integrity of the justice system. *Id.* ¶ 10. It then considered whether a one-act, one-crime error occurred. *Id.* ¶ 11. The court found that the conduct of the defendant consisted of two physical

acts: possession of a handgun and possession of drugs. *Id.* ¶ 17. The court recognized that although possession of a handgun was a common act shared by both offenses, the armed violence conviction included the separate act of drug possession. *Id.*

¶ 15    The *Coats* court resolved the conflict between the Second District case of *People v. Williams*, 302 Ill. App. 3d 975 (1999), and the Fourth District decision in *People v. White*, 311 Ill. App. 3d 374 (2000). *Coats*, 2018 IL 121926, ¶ 26. In *Williams*, the defendant was convicted of armed violence based on possession of a controlled substance, unlawful possession of a weapon by a felon, and unlawful use of a weapon and sentenced on the armed violence and unlawful possession of a weapon by a felon convictions. *Williams*, 302 Ill. App. 3d at 976. He appealed on one-act, one-crime principles. *Id.* at 977. The reviewing court determined that there were no separate acts and that the "common act is a felon possessing a gun and drugs simultaneously." *Id.* at 978.

¶ 16    In *White*, the defendant was convicted, in part, of one count each of aggravated discharge of a firearm, armed violence, and unlawful possession of a weapon by a felon and sentenced on all three convictions. *White*, 311 Ill. App. 3d at 379. When he appealed on one-act, one-crime grounds, the reviewing court determined that, although the defendant simultaneously possessed both the gun and drugs, they were distinct acts. *Id.* at 385. The *White* court rejected *Williams*, finding it was wrongly decided. *Id.* The court concluded that the defendant's convictions for armed violence and unlawful possession of a weapon by a felon were based on separate acts and held that multiple convictions did not violate one-act, one-crime principles. *Id.* at 386. The *White* court found that despite the commonality of the gun, armed violence required an additional act of drug possession and unlawful possession of a weapon by a felon required an additional element of the defendant's felon status. *Id.*

¶ 17    The *Coats* court found that *Williams* misapplied the one-act, one-crime rule and expressly overruled it. *Coats*, 2018 IL 121926, ¶ 26. It also recognized that *White* "created some confusion" regarding what constitutes an act. *Id.* ¶ 27. The *King* court defined "act" as "any overt or outward manifestation which will support a different offense." *King*, 66 Ill. 2d at 566. Brown's felon status is not an "overt or outward manifestation" but "a state of being." (Internal quotation marks omitted.) *Coats*, 2018 IL 121926, ¶¶ 15, 27. Nevertheless, per *Coats*, we find that Brown's acts of armed violence based on drug possession and possession of a weapon by a felon are separate acts. Despite that both offenses involve possession of a gun, the armed violence count also includes the separate act of simultaneously possessing drugs. See *Rodriguez*, 169 Ill. 2d at 188 (citing *People v. Lobdell*, 121 Ill. App. 3d 248, 252 (1983) (where there is an additional act that can support an additional offense defendant may be convicted on both offenses even if they share a common act)). We find that Brown's conduct consisted of separate acts.

¶ 18    Having determined that Brown's convictions were not based on a single act, we must address the second step in the *King* analysis, whether any of the offenses are lesser included. A lesser-included offense is an offense "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2-9(a) (West 2016). To determine that question, we apply the abstract elements approach. See *People v. Miller*, 238 Ill. 2d 161, 173 (2010). The abstract elements approach compares the statutory elements of the two offenses, and if all of the elements of the first offense are included in the second offense and do not

contain any elements not included in the second offense, the first offense is a lesser-included offense. *Id.* at 166.

¶ 19        To sustain a conviction for unlawful possession of a weapon by a felon, the State must prove beyond a reasonable doubt that the defendant knowingly possessed a weapon or any firearm and has been convicted of a prior felony. 720 ILCS 5/24-1.1(a) (West 2016). To sustain a conviction for armed violence, the State must prove beyond a reasonable doubt that the defendant was armed with a firearm while he committed a felony offense, that being unlawful possession of a controlled substance. *Id.* § 33A-2(a). To sustain a conviction for unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant knowingly and unlawfully possessed less than 15 grams of a controlled substance, cocaine. 720 ILCS 570/402(c) (West 2016).

¶ 20        Unlawful possession of a gun by a felon is not a lesser-included offense of armed violence. Both counts include the possession of a weapon. The possession of a weapon count contains the additional element of felon status. The armed violence count includes the additional element of drug possession. We find entry of judgment on both convictions did not violate one-act, one-crime principles and was not error. Because there was no error, we conclude plain error review is not applicable and affirm Brown's convictions.

¶ 21        For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 22        Affirmed.