**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190180-U

Order filed September 27, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Hancock County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0180 Circuit No. 18-CF-72 |
| | ) | |
| DOUGLAS G. EVANS, | ) ) | Honorable Rodney G. Clark, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Daugherity and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   Defendant's convictions violate the one-act, one-crime rule.

¶ 2        Defendant, Douglas G. Evans, appeals his convictions for burglary and criminal trespass

to real property. He argues that the convictions violate the one-act, one-crime rule because they

are based on the same physical act. We vacate in part and affirm in part.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with burglary (720 ILCS 5/19-1(a) (West 2018)) and criminal trespass to real property (*id.* § 21-3(a)(2)). The first amended information alleged that defendant committed burglary when he "knowingly and without authority, entered a building of Mark Ray and Abbie Ray, located at 730 Walnut Street *** with the intent to commit therein a theft." As to criminal trespass to real property, it alleged defendant "knowingly and without authority entered upon the land of Mark Ray and Abbie Ray, located at 730 Walnut Street *** after receiving, prior to such entry, notice from the owner, by a printed no trespassing sign, conspicuously posted at the main entrance to the land, that such entry was forbidden."

¶ 5        At the jury trial, testimony established that Abbie witnessed defendant walking out of the building located at 730 Walnut Street with items from the building. Defendant did not have permission to enter the building. The front door showed signs of damage indicative of forcible entry. Abbie had previously placed signs stating "PRIVATE PROPERTY KEEP OUT" on the front and rear doors of the building. The building had a front porch, and Abbie testified that the sign on the front door was visible from the street. The State introduced various photographs into evidence, including photographs of the front porch, both a street view and a closer view, which showed the sign on the front door.

¶ 6        The jury found defendant guilty of both charges. The court sentenced him to 180 days in jail and 24 months' probation. Defendant appeals.

¶ 7                                     II. ANALYSIS

¶ 8        Defendant argues that his conviction for criminal trespass to real property should be vacated because it was based on the same physical act as the burglary charge such that it violates the one-act, one-crime rule.

2

¶ 9 As an initial matter, defendant acknowledges that he did not preserve this issue for review but asserts that it is properly reviewed under the second/substantial rights prong of the plain error doctrine. See *People v. Brown*, 2018 IL App (3d) 150070-B, ¶ 12 (providing that violations of one-act, one-crime principles are "appropriate for plain error review under doctrine's substantial rights prong"). The first step in applying the plain error doctrine is to determine if an error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 10 "[A] criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *People v. Coats*, 2018 IL 121926, ¶ 11. In determining whether there is a violation of this rule, the court first "ascertains whether the defendant's conduct consisted of a single physical act or separate acts." *Id.* ¶ 12. If the court determines defendant committed multiple acts, it must then determine "whether any of the offenses are lesser-included offenses." *Id.* An "act" is defined as "any overt or outward manifestation which will support a different offense." *People v. King*, 66 Ill. 2d 551, 566 (1977). "A person can be guilty of two offenses when a common act is part of both offenses or part of one offense and the only act of the other offense." *People v. Lobdell*, 121 Ill. App. 3d 248, 252 (1983).

¶ 11 Here, defendant engaged in one prohibited act—entering into the building located at 730 Walnut Street. As defendant argues, the keep out signs were on the building itself such that the only entry onto land that he had notice was forbidden was entry into the building and that entry into the building is the same act establishing burglary. See, *e.g.*, 720 ILCS 5/21-3(a)(2), (b) (West 2018) (providing that a person commits criminal trespass to real property when he enters the land of another after receiving notice that entry is forbidden and a person receives notice "if a printed or written notice forbidding such entry has been conspicuously posted or exhibited at the

main entrance to the land or the forbidden part thereof"). Defendant cannot be convicted of multiple offenses based on the single act of entering the building, and the court erred in entering convictions on both charges. Further, a violation of the one-act, one-crime rule "affects the integrity of the judicial process" and satisfies the second prong of the plain error doctrine. See *In re Samantha V.*, 234 Ill. 2d 359, 378 (2009). As such, defendant's conviction for criminal trespass to real property must be vacated. See *id.* at 379 (providing that when the one-act, one-crime rule is violated, the conviction on the less serious offense should be vacated); 720 ILCS 5/21-3(h) (West 2018) (providing that criminal trespass to real property in violation of section 21-3(a)(2) is a Class B misdemeanor); 720 ILCS 5/19-1(b) (West 2018) (providing that burglary committed in a building is a Class 2 felony).

¶ 12                                    III. CONCLUSION

¶ 13        For the foregoing reasons, we vacate in part, and affirm in part the judgment of the circuit court of Hancock County.

¶ 14        Vacated in part and affirmed in part.