2021 IL App (2d) 200566-U
No. 2-20-0566
Order filed August 4, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-251 |
| DANIEL GARCIA-FINO, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's reference at hearing on motion to reconsider sentence to alleged prior convictions that were not introduced into evidence was an error, but the improper factor was insignificant to the court's initial sentencing decision; thus, a remand is not warranted.  The State concedes, and we agree, that defendant's conviction for methamphetamine possession should be vacated under the one-act, one-crime rule, where he was also convicted of the delivery offense.  Affirmed in part and vacated in part.

¶ 2    Defendant, Daniel Garcia-Fino, entered an open guilty plea to possession of methamphetamine with intent to deliver (720 ILCS 646/55(a)(1), (2)(E) (West 2014) (class X felony; sentencing range of 12 to 50 years)) and possession of methamphetamine (720 ILCS

646/60(a), (b)(5) (West 2014) (class X felony; sentencing range of 8 to 40 years)) and was sentenced to concurrent terms of 20 years' imprisonment. Defendant moved to reconsider, and the trial court denied the motion. Defendant appealed, and this court, via a motion order, vacated the denial of defendant's motion to reconsider and remanded the case for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 3    On remand, the trial court denied defendant's motion to reconsider sentence. Defendant appealed, and this court, via a motion order, vacated the court's denial of the motion and again remanded the case for compliance with Rule 604(d).

¶ 4    On the second remand, defendant filed a supplemental motion to reconsider sentence, and the trial court denied defendant's motion. Defendant appeals, arguing that (1) the trial court erred in considering that defendant had alleged prior convictions from California, where no evidence of these convictions was presented at the sentencing hearing and the State had agreed to proceed as if defendant had no out-of-state convictions; and (2) his conviction for possession of methamphetamine must be vacated based on the one-act, one-crime doctrine. We affirm in part and vacate in part.

¶ 5                                    I. BACKGROUND

¶ 6                                         A. Plea

¶ 7    Following the execution of a search warrant at his residence on January 26, 2015, defendant was charged with possession of methamphetamine with intent to deliver (count I) and possession of methamphetamine (count II).

¶ 8    On May 28, 2015, the parties engaged in an Illinois Supreme Court Rule 402 (eff. July 1, 2012) conference, where the State represented that defendant's criminal history included several convictions from California, including robbery, theft, and unlawful possession of a controlled

substance.  At a June 1, 2015, hearing, after the court related the information presented at the 402 conference, defendant, through an interpreter, stated that he wanted another attorney to represent him.  He complained that he needed "proof" of the "robberies from California.  I never lived in California."  The State represented that it had received information from the Immigration and Customs Agency that defendant had, under aliases, "a number of convictions from California," including for burglary, theft, and a controlled substance.  The State also asserted that the agency had a hold on defendant and advised that defendant had been deported at least five times under known aliases.  Defense counsel represented that defendant had never before informed her that the California convictions "were not his."

¶ 9      At a June 16, 2015, hearing, the State represented that defendant's fingerprints were used to "verify" his prior criminal history and that the State's representations at the 402 conference "were correct."  It also asserted that the record revealed that defendant had convictions for vehicular prowling and criminal trespass in Seattle and a conviction in New York.  Defense counsel stated that defendant had indicated that he wanted a DNA test to be conducted.  "Obviously, fingerprint is how we verify that the priors are his or not.  I will certainly go over the rest of them when I have more time in the jail."  At a June 23, 2015, hearing defense counsel represented that she had discussed with defendant that the fingerprint investigation was "fairly comprehensive proof of his prior convictions," but that defendant was insisting on a DNA test, which she explained was not routinely administered.  Defendant continued to dispute the out-of-state convictions. Defense counsel informed the court that defendant had asked for proof of his prior convictions, which counsel informed him she did not have.  Both defense counsel and the State informed the court that they did not have any certified copies of defendant's prior convictions.  Defense counsel explained that she had informed defendant that prior convictions could not be introduced into

evidence at trial, but that, if he was found guilty, they could be considered by the court in fashioning a sentence.

¶ 10    On July 1, 2015, defense counsel informed the court that she had explained to defendant that, if he was found guilty, the disputed convictions would appear in his presentence report and the court could rely on such evidence in fashioning a sentence.  Defendant then entered an open plea of guilty to both counts.  The court informed defendant that the sentencing range on count I was between 12 and 50 years' imprisonment, and the range on count II was 8 to 40 years.  Both counts would be served at 75 percent.

¶ 11    The factual basis for the plea was as follows.  On January 26, 2015, pursuant to a search warrant, police found defendant inside an apartment.  In a closet, they found two bags containing what appeared to be methamphetamine.  The Illinois State Police Crime Lab tested the substance and found that it was over 500 grams of methamphetamine.  During the search of the apartment, of which defendant was the sole occupant, officers also found a scale, cell phones, and bank statements indicating several large deposits within one week prior to the execution of the warrant (in the amounts of $4,500, $4,000, and $4,500).  An officer would testify as an expert in narcotics trafficking that the foregoing were indicia of intent to deliver.

¶ 12    The trial court accepted the guilty plea, finding it to be knowingly and voluntarily entered.  It ordered a presentence investigation report (PSI) and set the case for a sentencing hearing.

¶ 13                              B. Sentencing Hearing

¶ 14    The PSI listed two criminal offenses in defendant's history.  The first was a 1993[1] Du Page County conviction for manufacture/delivery of cocaine for which defendant (under an alias) was

---

[1] Elsewhere in the record, the date for this offense is 1996.  The State agrees there is only

sentenced to six years' imprisonment. The second was a February 13, 2003, arrest in LaSalle County for possession of a controlled substance. The report stated that no disposition information was provided for this incident, nor was the arrest found in the county clerk's records. The PSI also related that defendant was interviewed with interpreter assistance, was vague and guarded in his reporting, failed to sign releases of information as requested to allow further investigation of his reporting, and denied culpability. He did, however, admit to being present illegally in the United States and returning after deportation.

¶ 15    At an August 5, 2015, hearing, the State noted that the investigator who prepared the PSI had concerns about the accuracy of defendant's criminal history and noted that defendant had denied having such prior history. The preparer also had informed the parties that she could not verify the accuracy of the other alleged prior convictions that were based on the fingerprint review. The State noted that it had the fingerprints re-submitted to the FBI, and it received back a report stating that the fingerprints belonged to Reinaldo Olan with a date of birth different from defendant's date of birth. A LEADS check resulted in information of a number of prior convictions that were different from the ones originally presented to the court. The prosecutor informed the court that he had contacted various agencies and requested a continuance to verify defendant's history. Defense counsel noted that one FBI number was for an individual with tattoos, but that defendant was checked and he did not have any tattoos.

¶ 16    At the sentencing hearing on September 1, 2015, defendant agreed that the PSI, which, again, listed no out-of-state convictions, was correct. The State represented that it had contacted

_____

one prior conviction in defendant's background for manufacture/delivery of a controlled substance.

various agencies in Illinois, Washington, and California and the FBI. It also noted that it had obtained photographs of defendant from the Department of Corrections. Without conceding that the convictions noted in the PSI were the only ones in defendant's history, the State elected to proceed on the PSI history alone. In aggravation, the State offered exhibit Nos. 1 and 2 (defendant's mug shots and a copy of an FBI report). Defendant offered no evidence in mitigation and, when the court asked defendant if he had anything to say, defendant asked to participate in a drug addiction program. The State sought 35 years, and defendant sought the minimum sentence.

¶ 17    The court sentenced defendant to 20 years' imprisonment on count I, to be served at 75%, concurrent with 20 years on count II. It noted that it had reviewed the PSI, the facts, and defendant's statement. The court found in mitigation that defendant pleaded guilty; that he is a father with one child who is autistic; he is capable of working, and, while he worked, he sent money to his family in Mexico; and his family history and his request for assistance with his addiction. In aggravation, the court noted defendant's prior criminal record (explicitly noting that 1993 conviction for possession of a controlled substance with intent to deliver in Du Page County); the fact that he used several aliases; he had been deported and then returned to the United States ("it shows your inability to follow rules"); and he had not cooperated in court because, according to the court, he did not want the court "to know who he was."

¶ 18    Defendant, on September 8, 2015, moved to reconsider, and defense counsel filed a Rule 604(d) certificate. On November 25, 2015, the trial court denied the motion to reconsider, noting that it had previously reviewed the motion and the PSI. It also noted that it took into consideration that defendant pleaded guilty; his drug addiction; and his family and children (including an autistic child). The court again noted that defendant had been deported and returned to the country, and he had used multiple aliases ("which show[ed] [his] lack of ability to follow the rules"). Defendant

appealed. On appeal on August 25, 2017, this court, in case No. 2-15-1171, granted defendant's unopposed motion for summary remand and remanded the case for further Rule 604(d) proceedings and granted defendant the opportunity to file a new motion to withdraw his guilty plea and/or reconsider sentence.

¶ 19                                    C. First Remand

¶ 20    On remand, defendant proceeded on his previously filed motion to reconsider. Defense counsel did not file a Rule 604(d) certificate. The trial court, on November 5, 2018, denied the motion to reconsider. The court noted that, at the time of sentencing, it considered all factors in aggravation and mitigation and looked toward defendant's rehabilitation, including: the fact that he pleaded guilty; his drug addiction; his family and children (including an autistic child); the number of times he had failed to follow the rules; that defendant refused to cooperate and sign releases of information during the presentence investigation; and the fact that defendant had been working and sending money back to his family.

¶ 21    Defendant appealed. On August 14, 2019, this court, in case No. 2-19-0078, granted, via a motion order, defendant's unopposed motion for summary remand and remanded the case for filing of a proper Rule 604(d) certificate and granted defendant the opportunity to file a new motion to withdraw his guilty plea and/or reconsider sentence.

¶ 22                                   D. Second Remand

¶ 23    On the second remand, on August 7, 2020, a new public defender filed on defendant's behalf a supplemental motion to reconsider sentence and a Rule 604(d) certificate. In the motion, defense counsel incorporated defendant's September 8, 2015, motion to reconsider sentence and further asserted that, since being incarcerated, defendant had been losing his eyesight in one eye, did not have behavioral issues in prison, wished to participate in substance abuse programs while

incarcerated (but could not do so due to the length of his sentence), and, upon release, was planning on moving to Mexico to help support and care for his autistic son. In an attached affidavit, defendant averred to these assertions and added that he was going deaf, he had an unstable and dysfunctional home life growing up (and his father was an alcoholic), and he could not adequately relate his drug and alcohol issues to the presentence investigator due to the language barrier. In the 2015 motion, defendant had sought the minimum, 12-year sentence, raising similar assertions to that in the subsequent supplemental motion and argued that, under the given sentence, he would not be released from prison until he is 59 years old.

¶ 24    At the September 28, 2020, hearing on the motion, defense counsel noted that defendant's prior felonies occurred about 22 years prior to this case and that defendant had "lived a law-abiding life for a substantial period." During its argument, the State did not reference defendant's criminal history.

¶ 25    The trial court denied defendant's motion. The court stated,

"[Defendant], I have reviewed all the relevant information, which includes the motion to reconsider sentence, a supplemental motion, your affidavit. I have reviewed the presentence investigation. I have considered all of the factors in aggravation and mitigation. I have also considered the fact that you pled guilty, your statement at the original sentencing hearing. And I have considered all of the factors which you have presented in your motion, which include your family background, the fact that you have an autistic child, the fact that you claim you have drug and alcohol issues, even though at the time of the presentence investigation you indicated that there were no issues. I considered that you were capable of working. *I also considered your priors, which included priors in California under many different names*, that you used a number of different names, that

you have been deported a number of times, because all of that indicated your inability to follow rules.

So based on all of this, your motion to reconsider sentence is denied, and your sentence of 20 years will stand." (Emphasis added.)

¶ 26   Defendant appeals.

¶ 27                    II. ANALYSIS

¶ 28            A. Denial of Motion to Reconsider Sentence

¶ 29   Defendant argues first that, in denying his motion to reconsider sentence, the trial court explicitly and erroneously considered alleged prior convictions of which no evidence was presented at the sentencing hearing. He contends that the case should be remanded for resentencing or, alternatively, for a new hearing on his motion to reconsider sentence. For the following reasons, we reject defendant's argument.

¶ 30   Defendant concedes that he did not raise his challenge below but argues that the issue can be reviewed for plain error. We agree that the issue is forfeited but that we can review it for plain error. *People v. Williams*, 2018 IL App (4th) 150759, ¶ 15 (reviewing sentencing challenge for plain error, where the defendant failed to object during sentencing and did not raise issue in his motion to reconsider sentence). "Sentencing errors raised for the first time on appeal are reviewable as plain error where (1) the evidence was closely balanced[;] or (2) the error was sufficiently grave that it deprived the defendant of a fair sentencing hearing." *People v. Ahlers*, 402 Ill. App. 3d 726, 734 (2010); see Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Under either prong of the plain error doctrine, the burden of persuasion is on the defendant. *People v. Walker*, 232 Ill. 2d 113, 124 (2009). If the defendant fails to satisfy that burden, the forfeiture or procedural default

of the issue must be honored. *Id.* The first step in any plain error analysis is to determine whether an error occurred. *Id.* at 124-25.

¶ 31 The State responds that defendant's argument is speculative. It contends that the trial court did not reference those convictions in pronouncing its original sentence (and specifically referenced only the 1993 Du Page County conviction), nor did it reference them during the previous two hearings on defendant's motion to reconsider sentence. It urges that the allegedly improper remark was made "in passing" or mistakenly at the third hearing, which shows that the court placed no weight on it in fashioning its original sentence, or that, alternatively, any impact would have been *de minimis*. It also contends that the 20-year sentence imposed was on the low end of the potential sentencing range. See 720 ILCS 646/55(a)(2)(E) (2015); 730 ILCS 5/5-4.5-25(a) (2015) (potential range for class X felony is 12 to 50 years). The State suggests that, had the trial court considered the alleged California convictions, which included robbery, theft, and unlawful possession of a controlled substance, defendant's sentence would likely have been much greater.

¶ 32 The purpose of a motion to reconsider sentence is not to conduct a new sentencing hearing, but rather to bring to the trial court's attention changes in the law, errors in the court's previous application of existing law, and newly discovered evidence that was not available at the time of the hearing. *People v. Medina*, 221 Ill. 2d 394, 413 (2006). See 730 ILCS 5/5-4.5-50(d) (West 2014) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the [trial court] clerk within 30 days following the imposition of sentence.").

"Imposition of a sentence is normally within a trial court's discretion [Citation.], and there is a strong presumption that the trial court based its sentencing determination on

proper legal reasoning, such that the trial court's sentencing decision is reviewed with great deference. [Citation.] The presumption is overcome only by an affirmative showing that the sentence imposed varies greatly from the purpose and spirit of the law or manifestly violates constitutional guidelines. [Citation.] Nonetheless, the question of whether a court relied on an improper factor in imposing a sentence ultimately presents a question of law to be reviewed *de novo*. [Citation.]" *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8.

¶ 33 A trial court cannot ignore a mitigating factor, nor can it consider an improper aggravating factor (*People v. Higgins*, 2016 IL App (3d) 140112, ¶ 29), such as an aggravating factor based on speculation (*People v. Zapata*, 347 Ill. App. 3d 956, 964 (2004)). However, a reviewing court can affirm a sentence despite an improper factor if the record shows the weight placed on that factor was so insignificant it did not result in a greater sentence. *People v. Heider*, 231 Ill. 2d 1, 21 (2008); see also *People v. Cervantes*, 2014 IL App (3d) 120745, ¶ 47 (trial court may not determine a defendant's sentence based on its own personal knowledge, prejudice, speculation, or conjecture, since the consideration of an improper factor in aggravation clearly affects the defendant's fundamental right to liberty, except in circumstances where the factor is an insignificant element of the defendant's sentence). Where a reviewing court is unable to determine the weight given to the improper aggravating factor in sentencing, resentencing is required. *People v. Joe*, 207 Ill. App. 3d 1079, 1086 (1991).

¶ 34 Several factors are considered in determining whether a court has afforded significant weight to an improper factor such that a remand is required: (1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence was substantially less than the maximum sentence permissible by statute. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18.

¶ 35    We conclude that, in denying defendant's motion to reconsider sentence, the trial court improperly considered his alleged California convictions.  However, we further conclude that a remand is not necessary, because the weight, if any, the court placed on the improper factor was insignificant.  We find highly relevant the court's findings at the initial sentencing hearing.  There, the court explicitly referenced defendant's 1993 Du Page County conviction for possession of a controlled substance with intent to deliver, for which he served a six-year sentence.  Also in aggravation, the court noted that defendant had used several aliases, had been deported and then returned to the United States ("it show[ed] [his] inability to follow rules"), and the fact that he did not cooperate in court.  The State had sought a 35-year sentence, and defendant had sought the minimum sentence of 12 years.  In sentencing defendant to 20 years, the trial court fashioned a sentence 20 years below the sentencing range midpoint of 31 years (and 15 years below the State's request) and 8 years over the minimum sentence, where, again, defendant had a prior narcotics conviction in Du Page County (under an alias) for which he was sentenced to 6 years' imprisonment.

¶ 36    In 2020 upon the second remand, in denying the motion to reconsider, the trial court found in aggravation, "I also considered your priors, which included priors in California under many different names, that you used a number of different names, that you have been deported a number of times, because all of that indicated your inability to follow rules."  Although, again, the mention of the alleged California convictions was improper, we cannot conclude that it reflected that the court's initial sentencing determination was based on the improper factor.  Any weight given to it was insignificant.  We believe that this is so, because the court did not mention the alleged California convictions in announcing defendant's sentence in 2015 (which shows they carried no weight in the court's sentencing determination), and the 20-year sentence does not reflect

consideration of prior convictions, including, most significantly, unlawful possession of a controlled substance (in California). Thus, the mention of the alleged convictions in 2020 was a mistake and does not show that these alleged convictions carried any weight in the court's original sentencing determination. *Cf. Abdelhadi*, 2012 IL App (2d) 111053, ¶¶ 19-20 (the defendant, who pleaded guilty to aggravated arson, was sentenced to 6 years, where the sentencing range was 6 to 30 years; remanded for a new sentencing hearing, where the court could *not* determine how much weight the trial court placed on improper aggravating factor); *People v. Dowding*, 388 Ill. App. 3d 936, 946 (2009) (where the trial court neither over nor underemphasized its consideration of improper factor and where the 10-year sentence for aggravated DUI was 4 years short of the maximum sentence, it was "unclear how much weight" trial court placed on improper factor; remanded for new sentencing hearing). We reject defendant's assertion that the court relied on the alleged California convictions to find that he is a person who does not follow rules. Defendant notes that, without the California convictions, his prior criminal history consisted of only one prior conviction that occurred 22 years before the present offense. We disagree with his characterization. The court's rules reference included mention of the fact that defendant was deported and then returned to this country.

¶ 37    Defendant's reliance on *People v. Hayes*, 55 Ill. 2d 78 (1973), is misplaced. In *Hayes*, the defendant was convicted of unlawful possession of heroin. At the sentencing hearing, the court and the prosecutor engaged in a discussion about certain previous convictions, including one involving narcotics. Defense counsel objected, arguing that there was no proof offered. Further, the prosecutor did not identify the document from which he read, it was not offered as evidence, and defense counsel denied that the defendant had been convicted of the mentioned offenses. The supreme court, which had held as to another issue in the case that a remand for resentencing was

warranted, determined as to the alleged prior conviction that there was no evidence of a prior narcotics conviction and that the prosecution was not excused from proving a narcotics conviction when seeking imposition of an enhanced statutory penalty for a subsequent offender. *Id.* at 83-84. Thus, *Hayes* is distinguishable from this case, because the error occurred at the initial sentencing hearing, not, as here, in the context of a ruling on a motion to reconsider sentence. See also *People v. Whitney*, 297 Ill. App. 3d 965, 971 (1998) ("[W]e are not prepared to say that, on the record before us, the weight placed upon [the] defendant's nonexistent conviction by the trial court [at the initial sentencing hearing] was negligible. Not only did the trial judge specifically state on the record he was considering the conviction, but the prior conviction was also the first factor specifically mentioned by the judge in handing down his sentence.")

¶ 38    Having determined that there was no error, there can be no plain error, and we honor the procedural default.

¶ 39                    B. One-Act, One-Crime

¶ 40    Next, defendant argues that his conviction for possession of methamphetamine must be vacated because it violates the one-act, one-crime rule, or, alternatively, because it is a lesser-included offense of possession of methamphetamine with intent to deliver. He acknowledges that he did not move to withdraw his guilty plea, but argues that we may review his claim because he challenged his sentence as excessive, or, alternatively, because an objection to a surplus conviction may be reviewed for plain error. See *People v. Moshier*, 312 Ill. App. 3d 879, 881 (2000).

¶ 41    The State agrees that we may review defendant's claim for plain error and, further, that defendant's convictions violate the one-act, one-crime rule. It agrees that both convictions were based on the same physical act of defendant's possession of methamphetamine in his residence. See, *e.g.*, *People v. Bolar*, 229 Ill. App. 3d 563, 568 (1992) (where conviction for unlawful

possession of a controlled substance with intent to deliver was affirmed, the defendant's conviction for unlawful possession of a controlled substance vacated under the one-act, one-crime rule).

¶ 42    We review *de novo* one-act, one-crime and lesser-included-offense issues, as they present legal questions.  *People v. Rodgers*, 364 Ill. App. 3d 229, 240-41 (2006) (both issues); see also *People v. Landwer*, 166 Ill. 2d 475, 486 (1995) (lesser-included offense).

¶ 43    Under the one-act, one-crime doctrine, a defendant "may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act."  *People v. Coats*, 2018 IL 121926, ¶ 11.  Although a defendant can be prosecuted for multiple offenses if the same physical act formed the basis for those offenses, only one conviction and sentence may be imposed. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996); *People v. Segara*, 126 Ill. 2d 70, 76-77 (1988).

¶ 44    One-act, one-crime questions typically carry a two-step analysis. A court must first determine whether the defendant's conduct stems from one physical act or several separate acts. *Rodriguez*, 169 Ill. 2d at 186.  If the defendant committed multiple separate acts, then the court must go on to determine whether any of the charged offenses are lesser included offenses.  *Id.*  If so, then the lesser included offense must be vacated.  *Id.*

¶ 45    We agree that the convictions violate the one-act, one-crime rule.  The factual basis alleged only that defendant possessed in his residence methamphetamine and indicia of drug dealing.  It did not allege any additional acts by defendant, and both convictions were based on a single search of defendant's residence.

¶ 46    Furthermore, as both defendant and the State point out, even assuming multiple acts were involved, under *People v. Miller*, 238 Ill. 2d 161, 166 (2010) (under "abstract elements approach, *** [i]f all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-

included offense of the second"), possession of methamphetamine is a lesser-included offense of possession of methamphetamine with intent to deliver. Possession of methamphetamine is defined as, "knowingly to possess methamphetamine or a substance containing methamphetamine." 720 ILCS 646/60(a) (West 2014). Possession with intent to deliver is defined as, "knowingly to engage in the delivery or possession with intent to deliver methamphetamine or a substance containing methamphetamine." 720 ILCS 646/55(a)(1) (West 2014). Clearly, all of the elements of the possession offense are included within the delivery offense. Furthermore, based on the sentencing ranges, the possession offense is the less serious offense and must be vacated.

¶ 47    Accordingly, defendant's conviction for possession of methamphetamine (count II) is vacated.

¶ 48                                    III. CONCLUSION

¶ 49    For the reasons stated, we affirm in part and vacate in part the judgment of the circuit court of Lake County.

¶ 50    Affirmed in part and vacated in part.